TAPPAN *v.* HELENA FEDERAL SAVINGS & LOAN ASSOCIATION.

4-4616

Opinion delivered April 19, 1937.

*W. G. Dinning* and *J. M. Jackson,* for appellant.
*Edwin Bevens,* for appellee.

HUMPHREYS, J. Appellee is the owner of property in Street Improvement District No. 16 of the city of Helena. On the 23d day of July, 1936, it filed a petition in due form and properly verified with the city council

of said city asking for the removal of Sam W. Tappan as a Commissioner from the Board of Commissioners of said district on the ground that he was ineligible to serve as a Commissioner of said board because he was a member of the city council of Helena.

Upon hearing, the city council refused to remove the Commissioner, whereupon, appellee applied to the circuit court of Phillips county for a writ of certiorari to review the action of the city council which writ was granted, and the proceedings before the city council, in response to the writ, were duly certified by the city clerk to the circuit court.

Upon a hearing in the circuit court, the order of the city council refusing to remove appellant as a member of said board was quashed, and an order was made removing Sam W. Tappan as a member of the Board of Commissioners of Street Improvement District No. 16, and also enjoining the mayor and members of the city council from recognizing the defendant, Sam W. Tappan, as a member of the Board of Improvement, and from dealing with him as such and also restraining the said Sam W. Tappan from acting, or attempting to act, as said member of the board. The mayor and members of the city council, including Sam W. Tappan, were named as parties defendant in the petition filed by appellee before the city council.

From the order of removal by the circuit court an appeal has been duly prosecuted to this court.

A reversal of the order or judgment is sought on two grounds: first, that the office of a Commissioner of said district is not incompatible with the office of a city councilman; and, second, that the action of the city council was final, being a matter within its discretion, and not a judicial action subject to review by the courts.

It is admitted that appellant, Sam W. Tappan, is holding both offices and acting in both capacities. The first question for determination is has he the legal right to do so. We think not, for the offices are incompatible. It was so held in the case of *Anderson* v. *Pixley*, 132 Ark. 539; 201 S. W. 796. The rule announced in that case is

grounded on the common-law doctrine of incompatibility of public offices. It is said in 46 C. J., page 942, that: "The inconsistency, which at common law makes offices incompatible, * * * lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."

See, also, 22 R. C. L., pages 412 and 414. Section 5716 of Crawford & Moses' Digest provides that: "The council shall have the power to remove said board or any member thereof by a two-thirds vote of the whole number of aldermen elected to the city council, provided such removal shall be for cause only, and after a hearing upon sworn charges preferred in writing by some real property owner in such district, ten days' notice of the hearing of such charges to be given."

The word "cause" as used in § 5716 of Crawford & Moses' Digest means "legal cause." *State ex rel. Hart v. Common Council of the City of Duluth*, 53 Minn. 238, 55 N. W. 118, 39 Am. St. Rep. 595; *Carswell v. Hammock*, 127 Ark. 110, 191 S. W. 935. The case of *McDonnell v. Imp. Dist.*, 97 Ark. 334, 133 S. W. 1126, relied upon by appellant as to the compatibility of the two offices was, in that particular, in effect, overruled by the case of *Anderson v. Pixley*, 132 Ark. 539, 201 S. W. 796.

The second question for determination is whether the circuit court may, on writ of certiorari, review the action of the city council in refusing to remove appellant from the Board of Commissioners of said city. Appellant contends that the action of the city council was final and not subject to review by the courts for the reason that it was wholly a matter within the discretion of the city council. That question was settled adversely to the contention of appellant in the case of *Carswell v. Hammock*, 127 Ark. 110, 191 S. W. 935. It was ruled in that case that:

"The action of the city council in ordering the removal of certain commissioners of certain improvement

districts is subject to review on certiorari in the circuit court.''

No error appearing, the judgment is affirmed.