The Honorable William L. "Bill" Walker, Jr. State Representative P. O. Box 1609 Little Rock, Arkansas 72203
Dear Representative Walker:
This is in response to your request for an opinion on the following question:
 Is it a conflict of interest for a city councilman to be appointed and serve on a county board or commission, within the county where they hold their elective office?
There are, as a general rule, three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 420 S.W.2d 121 (1966).
We find no constitutional or statutory provision precluding, as a general matter, a city councilman from serving on a county board or commission within the county wherein he or she holds elective office. However, presentation of a specific factual situation would mandate a review of all applicable laws pertaining to the offices in question.
The inquiry must then focus on whether the duties of the two positions are incompatible. "In other words, does the discharge of the duties of one conflict with the duties of the other, to the detriment of the public good." State ex rel. Murphy v. Townsend,72 Ark. 180, 184, 79 S.W. 782 (1909). This, again, is essentially a question which can only be addressed on a case by case basis in reference to specific offices. Some guidance is, however, offered in the case of Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937) wherein the Arkansas Supreme Court stated the following with respect to the "incompatibility of office" conflict:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
193 Ark. at 1025.
Please note, finally that I have enclosed a copy of Opinion Number 87-118, issued by this office on April 13, 1987, addressing the specific question of whether a city director, in a city with a management form of government, is prohibited from serving on the county election commission. It was determined that the answer is no, based upon applicable constitutional provisions. This answer was, however, qualified by recognizing that the city director could serve on the County Board of Election Commissioners until he became a candidate at the next general election. This was based upon a statutory provision stating that a county election commissioner shall not be a candidate for any office to be filled at a general election. This also applies to the election commissioner's candidacy during a primary election.
While it is therefore apparent that a conclusive answer to your question can only be provided in relation to particular offices, we hope that the foregoing offers some general guidance in addressing this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.