Junaway Payne, Secretary Poinsett County Election Commission P.O. Drawer Z Lepanto, AR 72354
Dear Mr. Payne:
This is in response to your request for an opinion on the following question:
 Can an individual hold the position of City Councilman in the City of Tyronza, Arkansas, and also hold the position of Justice of the Peace of Poinsett County, simultaneously?
It is my opinion that the mere holding of both positions does not create a conflict of interest proscribed by Arkansas law. As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
We find no constitutional or statutory provision precluding one from serving in these two positions. Accordingly, the inquiry must focus on whether the duties of the two positions are incompatible. "In other words, does the discharge of the duties of one conflict with the duties of the other, to the detriment of the public good?" State ex rel. Murphy v. Townsend, 72 Ark. 180,184, 79 S.W. 782 (1909).
While this is essentially a question of fact, to be resolved by the judiciary, we perceive no apparent conflict by virtue of the mere simultaneous holding of these positions. The question does not appear to pose a situation in which one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent. See, generally, Tappan v. Helena Federal Savings Loan Ass'n, 193 Ark. 1023, 1025, 104 S.W.2d 458 (1937). Nor does it appear that the incumbent of one office has the power to remove the incumbent of the other. Id. Several factors cited by the Arkansas Supreme Court in connection with an "incompatibility of offices" conflict are therefore not present.
While prudency may dictate that the individual serving, for example, as justice of the peace in a judicial capacity decline from hearing certain cases due to his or her dual capacity as city councilman, it is my opinion that the simultaneous holding of both positions is not in itself prohibited. There may be other instances, as well, in which the individual should recuse from participating in certain administrative matters impacting, for example, agreement(s) between the two political subdivisions. However, these matters are appropriately addressed on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.