The Honorable Joe E. Yates State Senator 1812 Clark Bentonville, Arkansas 72712
Dear Senator Yates:
This is in response to your request for an opinion on three questions concerning the ineligibility of state employees or employees working in partially state-funded jobs to hold positions on any of the various state boards and commissions. Specifically, your questions are as follows:
 1. On which of the state boards or commissions may state employees who draw any portion of their salary from the state not serve? What is the authority for this prohibition?
 2. Likewise, are employees of public school districts, both certified and non-certified, prohibited from serving on any state boards or commissions? If so, which ones?
 3. Are employees of the state institutions of higher education, both faculty and non-faculty, prohibited from serving on any state boards or commissions? If so, which ones?
The questions you have posed, particularly question number one, are very broad and do not involve specific fact situations. The answers must therefore of necessity also be drafted in general terms, outlining the general parameters of the law. It should be remembered that the general conclusions reached in response to your questions may vary with individual fact situations. Additionally, specific factual contexts may trigger applicability of narrow prohibitory provisions which cannot, as a practical matter, be addressed in response to your very general questions.
It is assumed that by inquiring as to the eligibility of "employees", you do not wish to inquire as to the eligibility of persons drawing their salary from the state who would ordinarily not be classified as "employees", but as "officers". Because, however, these officers can be classified as "employees", at least for some purposes, I will address their eligibility briefly.
Legislators are ineligible to hold positions on the various state boards and commissions by virtue of Arkansas Constitution Art. 5, § 10. The Treasurer of State, Secretary of State, Auditor of State and Attorney General are prohibited from holding these positions under Arkansas Constitution Art. 6, § 22. Additionally, officeholders in the state executive department are generally prohibited from serving on the various state boards and commissions because to do so would violate the prohibition under Arkansas Constitution Art. 19, § 6 against one person performing the duties of more than one office in the same department of government. Officers in either the legislative or judicial department may not hold positions on the various state boards and commissions because this dual office holding would violate the separation of powers doctrine embodied in Arkansas Constitution Art. 4, § 2.
The most wide-sweeping prohibition against state employees serving on state boards and commissions is found at A.C.A. §19-4-1604, in the "Regular Salary Procedures and Restrictions Act". That section provides:
 No person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that:
 (1) The work performed for the other agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.
This provision prevents any person who receives compensation from one state agency from receiving compensation from another state agency if that receipt would make the total in excess of the line-item maximum of the larger paying position. This provision is important in the context of your question because most members of the various state boards and commissions receive reimbursements and/or "per diems" as a result of membership. If these payments are not confined to "actual expenses" as provided in the statute, their receipt may cause the line-item maximum for the employee's salaried position to be exceeded. Again, reference to specific facts would be necessary in order to reach a definitive conclusion in individual cases.
It is my opinion, in response to your second question, that there is no general prohibition precluding public school employees from serving on the any of the various state boards and commissions. The salary restrictions above, in my opinion, are not applicable to employees of public school districts, because they are not employed by state agencies. See generally, State ex rel. Attorney General v. State Board of Education, 195 Ark. 222 (1937), stating that:
 . . . school districts are not, strictly speaking, a part of the state in the sense that the General Assembly must deal with them. Like levee and drainage improvement districts, counties, cities and towns, they do not require biennial appropriations, but may function in a quasi-independent manner by virtue of continuing statutes or constitutional provisions.
195 Ark. at 231.
It is thus my opinion that public school employees are not, as a general matter, prohibited from serving on the various state boards and commissions. But again, reference must be had to the specific facts of individual situations to reach a definitive conclusion. It is conceivable that in specific instances the common law doctrine of incompatibility of offices would preclude membership of either a public school employee or a state employee on a state board or commission. Tappan v. Helena Federal Savings Loan Association of Helena, 193 Ark. 1023, 104 S.W.2d 458 (1937).
The answer to your third question, (whether higher-education employees are prohibited from serving on state boards and commissions), involves the same salary restrictions discussed in answer to your first question, but is based upon a separate statute. Arkansas Code Annotated § 6-63-307
applies to these employees, and includes the same prohibition against exceeding the individual's line-item maximum by the receipt of other compensation. Thus, an employee of an institution of higher education is prohibited from serving on a state board or commissions to the extent he or she receives a "per diem" or other compensation which does not constitute reimbursement for "actual expenses" in excess of the employee's line-item maximum for his salaried position. These employees may also be prohibited from serving in these positions under the common law incompatibility doctrine, or various state laws governing conflicts of interest.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb