The Honorable Bob McGinnis State Representative Route 3, Box 197 Marianna, AR 72360
Dear Representative McGinnis:
This is in response to your request for an opinion on whether an attorney who serves as city councilman would be precluded from serving as public defender at the same time.
I assume this question is asked in relation to a city operating under the mayor/city council form of government, also known as the aldermanic form of government.
It is my opinion that the mere holding of both positions does not create an unlawful conflict of interest, so long as the public defender is not hired, nor is his salary determined by, the city.
As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by officers having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). We find no constitutional or statutory provision that would generally operate to preclude a city councilman from serving as the county's public defender.[1]
Accordingly, the inquiry must focus on whether the duties of these two positions are incompatible. "In other words, does the discharge of duties of one conflict with the duties of the other, to the detriment of the public good?" State ex rel. Murphy v. Townsend, 72 Ark. 180, 184, 79 S.W.2d 782 (1909).
The Arkansas Supreme Court has stated that a conflict arises where a person holds two offices, one of which is subordinate to the other. Tappan v. Helena Federal Savings Loan Association,193 Ark. 1023, 104 S.W.2d 458 (1937). The Court in Tappan stated:
The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
193 Ark. at 1025.
The public defender position would not appear, in this instance, to be subordinate to the city council, nor have we been provided with any information indicating that the city council exercises supervisory authority over the public defender. It should be noted, however, that a conflict would in all likelihood arise if the councilman acted as counsel on behalf of the city in bringing charges against an indigent defendant. The conflict created through an attorney's representation of two groups with conflicting interests (City of Little Rock v. Cash, 277 Ark. 494,644 S.W.2d 229 (1983)) would probably apply in that instance.
It is therefore my opinion that a city councilman is not precluded, as a general matter, from simultaneously serving as public defender. The particular facts in each instance should, however, be considered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Correspondence attached to your request indicates that employment of a public defender is being considered by Lee County. It thus appears that the public defender position would not constitute a "municipal office" within the prohibition under A.C.A. 14-42-107(a)(2) against a council member's appointment to any municipal office during the time for which he is elected.