Ms. Paula G. Pumphrey, Interim Director Arkansas Adult Probation Commission 1210 Tower Bldg., 323 Center Street Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on the following questions:
 1. Can an Adult Probation Officer, who is neither a County nor State employee, serve as a Quorum Court member or serve in any other elected county position?
 2. Can a State employee hold a County office or would this pose a conflict of interest?
With regard to your first question, it must be initially noted that while this office has previously addressed the employment status of Arkansas adult probation officers in various contexts, (see Opinion Nos. 88-135, 88-263 and90-062), we have not stated that these persons are neither state nor county employees. Rather, we have concluded that in the absence of legislative clarification or judicial guidance, it cannot be conclusively stated whether these individuals are state or county employees for all purposes. The particular context must, instead, be considered. For instance, we have stated that this office would, generally, provide representation to adult probation officers. Opinion No. 88-263; see also, A.C.A. 16-13-221 (Supp. 1989). It thus appears that these individuals may be considered state employees for at least some purposes.
As to your first question, there appears to be no general prohibition against an adult probation officer's service in an elected county position. A conclusive response would, however, require consideration of the particular county office in question.
With regard, specifically, to an adult probation officer serving on the quorum court, it is my opinion that service in both positions is generally not contrary to law.
The courts are vested with authority to appoint one or more probation officers for the judicial districts. A.C.A.16-93-402(C). The appointive authority with respect to these individuals thus rests with the courts. The quorum court does not set the salaries of circuit court probation officers. See Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252
(1985). Nor, it seems are adult probation officers subject to the quorum court's supervisory authority. See generally A.C.A. 12-48-103 (powers and duties of Arkansas Adult Probation Commission.) Thus, a recognized basis for a prohibited conflict of interest due to incompatibility of offices is absent. See generally Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966); Tappan v. Helena Federal Savings and Loan Assoc., 193 Ark. 1023, 104 S.W.2d 458 (1937) (conflict of interest based upon incompatibility where one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other.)
While the potential for the quorum member's participation in approving an adult probation department's budget would not appear to give rise to a prohibited conflict of interest such that the member would be precluded from serving as a probation officer, prudency may dictate that the quorum court member refrain from participating in decisions that are focused more narrowly upon his personal economic interest.
The quorum court member may, as a consequence, properly abstain from voting on that part of any budget directly accruing to his personal benefit.
A conclusive response to your second question would, again, require consideration of the particular county office in question. There is, however, no general prohibition in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Employees covered by A.C.A. 16-13-1412 (Sup. 1989), which include the chief probation officer and deputy probation officer in the First, Fourth, and Fifth Division of the Sixth Judicial District, "shall be treated by Pulaski County in the same manner as other Pulaski County employees for all other purposes." A.C.A. 16-13-1412(e)(4) (Sup. 1989).
[2] You note in your correspondence that adult probation department budgets have historically been appropriated by the quorum courts. This office has previously opined, however, that an adult probation department's annual budget is not subject to quorum court review and approval. Opinion No.88-348 (copy enclosed).