The Honorable David S. Clinger Prosecuting Attorney P.O. Box 536 Berryville, AR 72616
Dear Mr. Clinger:
This is in response to your request for an opinion on whether a member of a quorum court may serve as a city treasurer of a city within the county.
While this question may involve factual issues, because the duties of a city treasurer are ordinarily prescribed by city ordinance (see A.C.A. §§ 14-43-507 and 14-44-109), it is my opinion that the mere holding of both positions does not generally create an unlawful conflict of interest. There appears to be no specific constitutional or statutory conflict, and I perceive no apparent "incompatibility of offices" conflict. Seegenerally Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 104 S.W.2d 458 (1937); Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The city treasurer ordinarily collects and accounts for city funds. This function is not subordinate to the county, and would not on its face appear to raise a conflict with the duties of a quorum court member. See generally State exrel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1909);Tappan, supra.
The factual nature of this question, however, precludes a conclusive response. The particular duties and functions being performed by the city treasurer must be considered. Any question of a conflict based on specific duties can only be resolved by a factfinder in the judicial forum.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General