The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following question:
 Can a person who is a resident of a city of the second class and is employed as a municipal fireman by a city of the first class, run for election and serve on the city council of the city of the second class?
It is my opinion that the answer to this question is "yes." While dual service in these positions in the same city might be seriously questioned under the so-called "separation of powers" doctrine (Ark. Const. art. 4, §§ 1 and 2),[1] it seems clear that this doctrine would not apply in the case of service in two different local governments. The concern with the exercise of control over another department of the municipal government would not arise by virtue of the service of one municipality's executive officer in the legislative branch of another municipality. The executive officer would not, in that instance, be encroaching upon another department because he or she would not, by virtue of holding that office in one municipality, exercise any control over the legislative department of the other municipality.
Nor do I perceive any conflict under the common law "incompatibility of offices" doctrine. This doctrine is generally implicated where one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent.See Tappan v. Helena Federal Savings Loan Assoc.,193 Ark. 1023, 104 S.W.2d 458 (1937). While this is ordinarily a question of fact, the usual factors that are cited in connection with an "incompatibility of offices" conflict would not appear to be present where a municipal fireman in one city serves on another city's council.
It is therefore my opinion that the fireman in this instance may serve on the other city's council, assuming of course that he or she is otherwise qualified for that position. Reference should be made, additionally, to any civil service commission rules and regulations governing the political activities of fire department personnel. See A.C.A. § 14-51-303 (Cum. Supp. 1991).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This office has previously noted that the applicability of the constitutional separation of powers doctrine in the context of local offices is uncertain under current Arkansas law. See
Ops. Att'y Gen. 92-014, 91-415 and 91-314.