The Honorable Randy Thurman State Representative Post Office Box 584 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following question:
 May a county judge serve as a member of a board of directors, officer or volunteer for a rural volunteer fire department when said department is the recipient of county sales tax funds that are appropriated by the county quorum court?
It is my opinion that the answer to this question is in all likelihood "yes," although as discussed below, the particular facts in each instance must be considered.
My research has disclosed no general prohibition against a county judge's service as an officer, volunteer, or member of the board of a rural volunteer fire department.[1] There appears to be no general statutory or constitutional prohibition in this regard. Nor, in my opinion, is such service prohibited under the so-called "incompatibility of offices" doctrine. Seegenerally Tappan v. Helena Federal Savings and Loan Ass'n.,193 Ark. 1023, 104 S.W.2d 458 (1937). None of the proposed rural volunteer fire department positions constitutes a public office within the reach of this doctrine.
A discussion of the county ethics law (A.C.A. § 14-14-1202
(Cum. Supp. 1993)) is, however, necessary in light of the flow of county funds to the fire department. Subsection (c)(1) of §14-14-1202 states in relevant part as follows:
 RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
The general nature of your question precludes a conclusive determination regarding the applicability of this provision. An initial fact question may arise concerning the existence of a "contract or transaction." The mere fact that sales tax revenues are appropriated to the rural fire department is not, in my opinion, determinative in this regard. The receipt of funds must be "connected with" or "[grow] out of" a contract or transaction between the county and the fire department. In the event of such a contract or transaction, it may generally be concluded that a conflict would exist under § 14-14-1202 due to the county judge's interest as either an officer, member of the board, or volunteer for the fire department. The county judge's interest, whether direct or indirect, would prevent his service in the county office in that instance. See A.C.A. § 14-14-1202(d). It must be recognized, however, that § 14-14-1202 is a penal statute, and as such must be construed strictly, with all doubt resolved in favor of the accused. See generally Bennett v. State, 252 Ark. 128,477 S.W.2d 497 (1972).
It should also be noted, in addressing your question, that in accordance with subsection (a) of § 14-14-1202, a county officer or employee:
 . . . may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment of administration of law affecting the public generally.
You have not indicated whether the county judge has any economic interest that might implicate this provision. In any event, whether a violation has occurred is a factual matter requiring a review of all the evidence presented. Again, this type of factual review is not within the scope of an Attorney General Opinion.
As a final matter, it should perhaps be noted that the propriety of the county judge's participation in official action affecting the fire department might be subject to question if the judge did in fact have a personal economic interest. Generally, an officer would be disqualified from participating in a decision when he has a personal interest which might interfere with the unbiased discharge of his duty to the public. See generally VanHovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719 (1940) (holding that no member of a city council may vote on a question involving his own pecuniary interest if it is immediate, particular and distinct from the public interest; but a member is not disqualified where his interest is only as a member of a class).
Thus, if the county judge receives some payment by virtue of his position in the rural fire department, he should probably recuse from participating in any official action involving the department. With regard to your particular question, however, this would not prevent his service in both positions, assuming that A.C.A. § 14-14-1202 is not otherwise implicated, as noted above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that the volunteer fire department exists separate and apart from the county, i.e., it is not a county fire department. A county is authorized, under A.C.A. § 14-20-108(c) (Cum. Supp. 1993), to establish its own countywide fire department. This is not, I assume, such a department.