The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, AR 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion on several questions pertaining to the City of Gillett. The City, according to my understanding, is a city of the second class. Your specific questions are as follows:
 1. Can a recorder/treasurer refuse to give the mayor the password for a city computer with public records in it?
 2. Can an elected position of recorder/treasurer also hold a position for the same city, as a water clerk and court clerk?
 3. When a recorder/treasurer is appointed at the beginning of a four year term to fill a vacancy, don't they have to run for that office at a special election or the first general election after they are appointed?
I assume that your first question is asked with respect to records that are maintained by the recorder/treasurer in his or her official capacity. It is my opinion, in this regard, that a conclusive answer will require reference to any relevant municipal ordinance(s). This matter is not addressed specifically in any state statute or constitutional provision. My research has yielded no provision addressing the mayor's access to such records by virtue of his or her position as mayor.[1]
This is, presumably, a matter that could be addressed by local ordinance. See, e.g., Op. Att'y Gen. 91-135, enclosed herein (regarding a city ordinance directing that the mayor be provided duplicate keys to file drawers maintained by the city clerk).
In the absence of a city ordinance in this regard, it is my opinion that the answer is probably "yes." There appears to be no requirement under state law that the recorder/treasurer must give the mayor a computer password for access to records that are maintained by the recorder/treasurer in his or her official capacity.
In response to your second question, it must be initially noted that I am unfamiliar with the position of "water clerk." If this is not a municipal office, it may generally be concluded that there is no state law prohibition against the recorder/treasurer holding that position. I cannot offer a conclusive response, however, in the absence of more specific information concerning the position involved.
With regard to the recorder/treasurer also holding a position as "court clerk," it is my opinion that such dual service may be subject to challenge under the common law doctrine of "incompatibility of offices."See generally Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966) andTappan v. Helena Fed. Sav. Loan Ass'n, 193 Ark. 1023, 104 S.W.2d 458
(1937). The determination of incompatibility is essentially a question of fact to be resolved by a court, and my research has not disclosed an Arkansas case directly on point with respect to the offices in question in this instance. The question generally, however, is whether the discharge of the duties of one office conflicts with the duties of the other to the detriment of the public good. Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904). Incompatibility of offices has been found to exist when the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am. Jur. 2d Public Officers and Employees § 78 (1984). In addressing incompatibility of offices, the Arkansas Supreme Court has noted the following:
 `The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interests, where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.'
Tappan, 193 Ark. at 1025, quoting 46 C.J.S. at 942.
With regard to the offices of recorder/treasurer and court clerk, it must be noted that pursuant to "The Arkansas Municipal Courts, Police Courts, City Courts, and Justice of the Peace Courts Accounting Law of 1977" (A.C.A. §§ 16-10-201 to -210 (Repl. 1994)), the court clerk must make a "direct monetary settlement" on a monthly basis with, inter alia, the city treasurer. A.C.A. § 16-10-209(2)(E). This required settlement may, in my opinion, form a basis for a successful challenge to one's dual service as court clerk and recorder/treasurer, assuming that the court in question is covered by this accounting law.[2] The court clerk settles with the city treasurer, and the city treasurer in turn accounts for city funds and submits a record of accounts to the city council. See A.C.A. §14-59-115. The inconsistency or incompatibility in the duties of these particular offices is apparent. It may reasonably be concluded, in my opinion, that a recorder/treasurer's simultaneous service as court clerk would violate the incompatibility doctrine.
It should also be noted in this regard, however, that an exception will lie if the "court clerk" in question is in fact the municipal courtclerk. Arkansas Code Annotated § 16-17-211(g) (Repl. 1994) provides that "[w]here the duties of the office of municipal court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city." It is therefore my opinion that under § 16-17-211(g), a recorder/treasurer may also serve as municipal court clerk. The common law incompatibility doctrine would not apply in that instance, due to the specific statutory authorization.
Your last question involves an appointment to fill a vacancy in the office of recorder/treasurer. Arkansas Code Annotated § 14-44-115 (1987) states that "[t]he qualified voters of cities of the second class shall, on the Tuesday following the first Monday in November 1972, and every four (4) years thereafter, elect a recorder or a recorder/treasurer as the case may be, for a term of four (4) years." With regard to vacancies, A.C.A. § 14-44-116 (1987) states that "the city council shall proceed to elect, by a majority vote of all the aldermen, a recorder toserve for the unexpired term." (Emphasis added.) This latter provision reasonably encompasses, in my opinion, the office of "recorder/treasurer."
Thus, in response to your specific question in this regard, the individual who has been selected to fill the vacancy will serve until the next regular election to fill that office, at which time a successor will presumably be named.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Arkansas Code Annotated § 14-59-115 (1987) states that each municipal treasurer must submit a monthly report "to the city council or board of directors."
[2] You have not identified the specific court in this instance. A different analysis may be required in the event your inquiry is focused on the clerk of some other court.