The Honorable Bobby L. Glover State Representative P.O. Box 1 Carlisle, AR 72024-0001
Dear Representative Glover:
I am writing in response to your request for my opinion on the following question:
 Can Court administrative fees be kept separate from Court costs for the purpose of using those fees for a certified police officer employed by the City to serve as a probation and community service officer?
In discussions with my office and with Chief Brent Cole of the Carlisle Police Department, I have learned that this question involves a Carlisle police officer who wishes also to serve as a probation officer for the Carlisle Municipal Court. As I understand it, Chief Cole has two questions:
 1. Is it permissible for a Carlisle police officer to also serve as a probation officer for the Carlisle Municipal Court?
2. If so, from what source should he be paid as a probation officer?
I will address these questions in turn below.
RESPONSE
In my opinion, the officer may serve both on the police force and as a probation officer. I believe he should be paid pursuant to an appropriation by the local legislative body that authorized his position, presumably funded by the probation fees.
Question 1: Is it permissible for a Carlisle police officer to also serveas a probation officer for the Carlisle Municipal Court?
As noted above, in my opinion the answer to this question is "yes."
Your request raises the issue of dual office holding, which is impermissible only if it gives rise to a conflict of interests. Such a conflict may arise from the constitution, statute or the common-law doctrine of incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). In my opinion, nothing in the constitution or the Arkansas statutes would preclude a certified police officer from also serving as a probation officer. The only statute that might possibly be read as creating a problem is A.C.A. § 14-43-409, which provides:
 All officers provided for in this subtitle [governing cities of the first class], and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
In my opinion, this statute merely proscribes receiving additional compensation above salary for any given office. I do not believe it would preclude a part-time certified police officer from receiving compensation for totally distinct service as a probation officer.[1]
Moreover, I see nothing incompatible in an individual's serving both as a police officer and a court-appointed probation officer.[2] Admittedly, a captious critic might object that a police officer's arrests may eventually result in additional probation fees, which may in turn affect a probation officer's compensation if the fees comprise his salary. However, I consider this argument strained in the extreme and am far more inclined to conclude that these two law-enforcement functions naturally complement each other. Accordingly, I see no problem with the proposed plan, subject, of course, to the condition that the officer be compensated only for the service he actually performs in each capacity.
Question 2: If so, from what source should he be paid as a probationofficer?
Subsection 5-4-322 of the Code provides:
 A municipal court may place a person on probation or sentence him to public service work, and may, as a condition of its order, require the defendant to pay a fine in one (1) or several sums, and in addition may require the person to pay a probation fee or pay a public service work supervisory fee in an amount to be established by the municipal court.
This discretionary "probation fee" would appear to provide a logical, although not necessary, salary source for a probation officer.[3]
However, in my opinion it would be constitutionally impermissible to allow the municipal judge actually to determine the salary by simply channeling fees set by himself directly to a probation officer. As my predecessor stated in Ark. Op. Att'y Gen. No 87-392:
 In Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 292
(1985), the Arkansas Supreme Court invalidated a statute which provides for the salaries of probation officers and deputy probation officers to be set by the circuit judge within certain ranges. The Court declared the statute unconstitutional under the separation of powers doctrine, stating that "(u)nder our constitutional doctrine, the legislative branch is to fix salaries." 285 Ark. at 27, citing Beaumont, Judge v. Adkisson, Judge, 267 Ark. 511, 593 S.W.2d 11 (1980).
It follows that some legislative body will need to fix the probation officer's salary, which should be paid from the treasury of whatever level of government that body represents. (Needless to say, the probation fees should conversely be deposited into the treasury.) The question arises, then, whether this body should be the Carlisle City Council, the Lonoke County Quorum Court or the Arkansas General Assembly.
Although a municipal court clearly serves the interests of the city in which it is located, by statute the court has countywide jurisdiction. A.C.A. § 16-17-704; Pulaski County Municipal Court v. Scott,272 Ark. 115, 119, 612 S.W.2d 297 (1981) (affirming constitutionality of legislation vesting jurisdiction of municipal court beyond geographical boundaries of municipality). Notwithstanding this fact, a city council has independent authority to create a municipal court. Section 16-18-111
of the Code provides that a city of the first class (as Carlisle is) may establish a city court if its population is 5,000 or less, subject to an absolute requirement that it adopt a resolution transforming the city court into a municipal court when the population exceeds 5,000.[4] The functions of a municipal court consequently implicate both city and county interests.
The statute addressing the compensation of municipal court probation officers does not really clarify whether the city or the county should be charged with the payment obligation. Section 16-17-127 of the Code provides only that the municipal court, "upon approval of the governing body or governing bodies exercising control over the municipal court," may contract with a person for probation services. Although the law is not specific on this subject, I presume the body or bodies exercising control over the respective municipal courts are those recited in A.C.A. § 16-17-108 as controlling salary determinations for municipal judges and, in some cases, for municipal clerks. This lengthy statute, which addresses each municipal court individually, variably provides that the salaries will be set and paid by the city, the county and, in some instances, both. Unfortunately, the statute fails to mention which body — the city council or the quorum court — controls the Carlisle municipal court. A.C.A. § 16-17-108(r).[5] Given that the statute approves salary determinations made by either a city council, a quorum court or both, I predict that it would be unobjectionable if approving a contract for probation services were handled in the same manner as determining the municipal judge's salary. I assume this governmental contractual obligation would be satisfied by appropriation by the city, the county or both. Although it would seem logical to match the amount of this obligation to probation fees collected, I do not believe it is necessary to do so.[6]
The question remains whether the "governing body or governing bodies exercising control over the municipal court" might alternatively simply hire a probation officer as a city or county employee. I am informed by the Administrative Office of the Courts that various Arkansas municipalities have followed this approach. Although I cannot opine that this alternative is either permissible or impermissible, I am troubled by the fact that this approach sidesteps the municipal court as the entity initiating the provision of probation services. In my opinion, a finder of fact might conclude that A.C.A. § 16-17-127 forecloses a local legislative body from hiring a municipal probation officer without first having been asked to do so by the municipal court. Significantly, in Ark. Op. Att'y Gen. No. 91-282, my predecessor expressed precisely this concern regarding the section of A.C.A. § 16-17-127 that empowers a municipal court, upon legislative approval, to contract for the collection of fines and costs. My predecessor offered the following analysis: "The statute does not envision the `governing body' or quorum court, as the case may be, initiating the decision to contract for the private collection of fines and costs." The same might be said of providing probation services.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures
[1] Subsection 16-93-103(a) of the Arkansas Code provides:
 All probation officers appointed by a court, excluding juvenile probation officers, whether circuit or municipal, and all parole and probation officers employed by the Department of Community Punishment who are currently certified law enforcement officers may execute, serve, and return all lawful warrants of arrest issued by the State of Arkansas or any political subdivision thereof and are otherwise authorized to make lawful arrests as any law enforcement officer of the State of Arkansas.
This statute acknowledges that municipal court-appointed probation officers may be certified law enforcement officers. If the General Assembly intended this statute to refer to active law enforcement officers, it would constitute an express legislative approval of the dual service at issue in your request.
[2] One treatise has discussed the criteria for determining incompatibility as follows:
 A public officer is . . . prohibited from holding two incompatible offices at the same time, as a matter of public policy, in order to assure not only the actuality of undivided loyalty, but also the appearance thereof. Even though specific constitutional and statutory provisions furnish no bar to the holding of particular offices or positions at the same time, the common law must be considered in determining whether there is any incompatibility therein.
* * *
 Where the functions of two offices are inconsistent, they are regarded as incompatible, but there is no incompatibility of office except as prescribed by the constitution or laws enacted pursuant thereto, or in cases where there is incompatibility of duties in the different positions. The question of incompatibility of necessity depends on the circumstances of the individual case. . . .
* * *
 The inconsistency of functions rendering offices incompatible lies in a conflict of interest. In this connection the issue is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of duties of one interferes with the performance of those of the other. Accordingly, a conflict of interest exists where one office is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power of appointment as to the other office, or has the power to remove the incumbent of the other or to punish the other. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other, or to audit his accounts.
67 C.J.S. Officers, § 27 (a) (footnotes omitted). See also Thompson v.Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998) (positions of mayor and city bookkeeper incompatible); Byrd v. State, supra (simultaneous holding of positions as county election commissioner, school board member and member of county board of education violates incompatibility doctrine); Tappanv. Helena Federal Savings and Loan Ass'n., 193 Ark. 1023, 104 S.W.2d 458
(1937) (positions of city council member and improvement district board member incompatible); Op. Att'y Gen. 98-110 (simultaneous service as county equalization board member and tax assessor would violate incompatibility doctrine); and Op. Att'y Gen. 97-143 (positions of county equalization board member and member of county quorum court incompatible).
[3] The inference that the legislature intended fees to serve as a potential source for a probation officer's salary is suggested by a 1994 amendment to A.C.A. § 16-13-326, which dictates the permissible uses of probation fees collected in the juvenile division of chancery court. Prior to the amendment, subsection (b)(2) precluded using the fees to pay probation officers. The legislature struck this subsection in its entirety. See discussion in Ark. Op. Att'y Gen. No. 91-033.
With respect to the municipal judge's discretion to set probation fees, I should note that the corresponding discretion of circuit court judges is restricted in cases where prisoners have been committed to the Board of Corrections and Community Punishment. Subsection 12-27-105(b)(17) of the Code authorizes the Board to "establish fees to be levied by the courts" in such instances, with the proceeds to "be deposited in an earmarked account at the state level to be used solely for the continuation and expansion of community punishment in this state."
[4] Curiously, the law with respect to cities of the second class is different. As discussed in Ark. Op. Att'y Gen. No. 98-289, cities of the second class are authorized independently to create city courts pursuant to A.C.A. § 14-14-108 and municipal courts pursuant to A.C.A. § 16-17-204.
[5] The statute does indicate that the salary of the Lonoke Municipal Court Judge, who likewise presides in Lonoke County, should be set by the Lonoke City Council. A.C.A. § 16-17-108(ddd).
[6] I am not quite certain how to respond to your request whether "Court administrative fees [can] be kept separate from Court costs" in paying the probation officer. In my opinion, it matters little how one chooses to classify the expense of probation services so long as it is clear that the local legislative body has approved the expenditure.