The Honorable Jim Hill State Senator 100 Center Nashville, Arkansas 71852-3821
Dear Senator Hill:
I am writing in response to your request for my opinion on the following questions:
 1. Can an elected city official, specifically the recorder/treasurer, also be employed by the county municipal court, and serve without conflict?
 2. Is there an individual who is responsible for affirming or disapproving of such service?
You report that the municipal court clerk is a full-time county employee.
RESPONSE
Answering your first question will turn on determining what class of city is at issue. In certain situations, an applicable statute may expressly authorize or dictate such dual service. However, if not, I believe the common-law doctrine of "incompatibility of offices" might well preclude holding both positions. With respect to your second question, I believe the municipal judge might "affirm or disapprove" such service to the extent he or she supervises the municipal court clerk. The city council further has statutory authority to remove an appointed official for nonfeasance. Only the electorate has the ultimate power of "affirming or disapproving" the service of recorder/treasurer, subject to the qualification that circuit court upon indictment may remove such an elected official for nonfeasance.
Question 1: Can an elected city official, specifically therecorder/treasurer, also be employed by the county municipal court, andserve without conflict?
Answering your question is complicated by the fact that you have failed to identify the city and county at issue, which renders it difficult to determine precisely what standard will apply. This difficulty is illustrated in Ark. Op. Att'y Gen. No. 95-358, in which my immediate predecessor observed:
 There are four different subchapters of the Arkansas Code governing the creation of municipal courts. I have not been provided with information as to under which subchapter the Corning Municipal Court was created. If, however, the Corning Municipal Court was created under the provisions of Act 128 of 1947, which applies to certain second class county seat cities, the city recorder is to act as municipal court clerk in those cities. A.C.A. § 16-17-304. In addition, if the Corning Municipal Court was created under Act 60 of 1927, which applies to cities with populations of 2,400 or more and county seat towns of less than 2,400, the city has the option, if the duties of municipal court clerk are not full-time, of having any other officer of the city perform the duties of municipal court clerk. See A.C.A. § 16-17-211(g).
Assuming no statute expressly authorizes the dual service you mention, the question will be whether the common-law doctrine of "incompatibility of offices" applies. Your question closely resembles one addressed in the enclosed Ark. Op. Att'y Gen. No. 95-054, in which my immediate predecessor relied on this doctrine to conclude that unless the above referenced A.C.A. § 16-17-211(g) applied, the city recorder/treasurer of Gillett, Arkansas, a city of the second class, would in all likelihood be barred from also serving as court clerk.
My predecessor summarized the general standard for applying the "incompatibility of offices" doctrine as follows:
 With regard to the recorder/treasurer also holding a position as "court clerk," it is my opinion that such dual service may be subject to challenge under the common law doctrine of "incompatibility of offices." See generally Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966) and Tappan v. Helena Fed. Sav. Loan Ass'n, 193 Ark. 1023, 104 S.W.2d 458 (1937). The determination of incompatibility is essentially a question of fact to be resolved by a court, and my research has not disclosed an Arkansas case directly on point with respect to the offices in question in this instance. The question generally, however, is whether the discharge of the duties of one office conflicts with the duties of the other to the detriment of the public good. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). Incompatibility of offices has been found to exist when the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am. Jur. 2d Public Officers and Employees § 78 (1984). In addressing incompatibility of offices, the Arkansas Supreme Court has noted the following:
 "The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interests, where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."
 Tappan, 193 Ark. at 1025, quoting 46 C.J.S. at 942.
(Emphasis added.)
As my predecessor pointed out, the potential conflict in dual office holding of the sort at issue in your request arises from application of The Arkansas Municipal Courts, Police Courts, and Justice of the Peace Courts Accounting Law of 1977 (the "Act"), which is currently codified at A.C.A. § 16-10-201 through -210 (Repl. 1999). Section 16-10-203 of the Code provides that the Act "shall apply to all municipal court, police courts, city courts, and justice of the peace courts within the State of Arkansas." You have described the subject of your request as "a full-time county municipal Court Clerk" — an office that clearly falls within the ambit of the Act.
With respect to the appointment, supervision and payment of a municipal court clerk, A.C.A. § 16-17-211 provides in pertinent part:
 (a) The judge of any municipal court may appoint a clerk for the court, who shall be designated and known as the municipal court clerk.
 (b) The city council of the city in which the court is located shall fix the salary of the municipal court clerk at a reasonable sum, the salary to be computed on an annual basis and payable in equal monthly installments. However, where the county in which the court is located is to pay any portion of the clerk's salary, the salary must also be approved by the quorum court of that county. Further, if the expenses and salaries of any municipal court are paid entirely by the county in which the court is located, the salary of the clerk shall be fixed by the quorum court of the county and not by the city council.
You have not indicated in your request whether the county, the city or both pay the municipal county clerk's salary. There thus appears to be a factual question whether the municipal court clerk is a county or city employee for purposes of compensation. However, I do not believe this question is really pertinent to your request, since the clerk is in any event statutorily charged with reporting to the city treasurer. Subsection 16-10-209(3)(A)(1) of the Code provides: "The court clerk shall maintain a separate cash receipts and disbursements journal for city cases and county cases." Subsection 16-10-209(2)(E)(i) further provides in pertinent part:
 The court clerk shall make a direct monetary settlement on or before the fifth day of the next following month with each of the following:
(a) The city treasurer;
(b) The county treasurer.
In turn, the city treasurer is statutorily obligated to account for the funds collected to the city council. A.C.A. § 14-59-115. Given that the city treasurer is charged under these statutes with auditing the municipal court clerk's accounts, I fully agree with my predecessor that a single individual would be barred by the doctrine of incompatibility of interests from occupying both offices under these circumstances.[1]
Question 2: Is there an individual who is responsible for affirming ordisapproving of such service?
As noted in my response to your previous question, the municipal judge is statutorily afforded discretion to appoint a municipal court clerk. A.C.A. § 16-17-211(a). The appointing municipal judge is generally charged with supervisory authority over the municipal court clerk. See
A.C.A. §§ 16-17-211(c) and (d). Accordingly, although I have found no authority directly on point, I believe the municipal judge might object to any dual service that he or she felt impeded a municipal court clerk's job performance. However, I assume the judge's only remedy for "disapproving of such service" would be to discharge the clerk. In addition, a city council is authorized to remove an appointed official for nonfeasance pursuant to A.C.A. § 14-42-109(a)(2).
By contrast, the recorder/treasurer is an elected official who serves at the pleasure of the electorate. Accordingly, I believe only the voters have the power to affirm or disapprove this official's decision to hold dual offices, subject only to the condition that a circuit court upon indictment may remove an elected official for nonfeasance in office pursuant to A.C.A. § 14-42-109(a)(1)(B)(i). See enclosed Ark. Op. Att'y Gen. No. 95-187 (generally discussion incompatibility and nonfeasance doctrines).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures
[1] I should note the continued applicability, under appropriate circumstances, of the exception currently set forth at A.C.A. §16-17-211(f), which provides:
 Where the duties of the office of municipal court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city.
Given your description of the municipal court clerk as a full-time county employee, this statute would appear not to apply. I suppose a critic might question whether the clerk is truly "full-time" if he or she is also functioning as the city recorder/treasurer. However, in my opinion, so long as the court clerk fulfilled his or her duties, I doubt a court would find merit in this objection.