Mr. Danny H. Maxey, Chairman Pike County Election Commission Post Office Box 146 Amity, Arkansas 71921
Dear Mr. Maxey:
I am writing in response to your request for an opinion concerning the dual service of an elected Justice of the Peace on the governing board of a county hospital. Specifically, you present the following facts and pose the following two questions:
 In Pike County an elected Justice Peace [sic] serves on the governing board of the county hospital. I received an opinion written by Attorney General Bryant citing the incompatibility doctrine in finding that one cannot serve in both positions. [Op. Att'y Gen. 94-220.[1]] The reasoning behind the opinion was that the quorum court approves a county judge's appointments to a hospital governing board. However, our hospital was established before the quorum court became the legislative body of the county. As a result, the governing board is appointed by the county judge without action by the quorum court.
If appointment to the board does not require approval of the quorum court, does [sic] incompatibility doctrine apply in this case? Can an individual serve in both capacities under these conditions?
The current situation brings another question. Is our county required by statute to revise its procedure for appointing members to the governing board of the county hospital?
RESPONSE
I am uncertain, as an initial matter, what relation your questions have to the election laws of this state. Section 25-16-706 authorizes me to give my written opinion to "county boards of election commissioners . . . upon any inquiry submitted . . . concerning the provisions of the election laws of this state." A.C.A. § 25-16-706(b) (Repl. 2002). I assume it may be your intention, as a part of your duties as Chairman of the Pike County Election Commission, to determine the eligibility of a candidate for re-election to the quorum court. I must note, however, that county boards of election commissioners do not have the authority to independently declare a candidate ineligible and remove his name from the ballot where there is as dispute concerning the facts or the law. County boards of election commissioners, however, have standing to institute judicial actions regarding such issues. I will, therefore, in response to your remaining questions regarding the proper method of appointing county hospital boards of governors, refer you to the applicable provisions of the Arkansas Code. As set out below, under A.C.A. §§ 14-263-101; -102; and -104 (Repl. 1998), the power to appoint county hospital board of governors' members is invested in the county judge but requires approval of the quorum court. This is true notwithstanding that the county hospital was created before the "quorum court became the legislative body of the county." In response to the first part of your first question, therefore, approval of the quorum court is required, and in my opinion the conclusion reached in Op. Att'y Gen. 94-220, that service in both positions would be incompatible, still obtains. In response to the second part of your first question, in my opinion the dual service is prohibited. With regard to your second question, regarding Pike County's compliance with this quorum court approval requirement, this issue should be referred to the counsel to whom Pike County normally looks to for legal advice.
Question 1 — If appointment to the board does not require approval of the quorum court, does [sic] incompatibility doctrine apply in this case? Can an individual serve in both capacities under these conditions?
As an initial matter, I must note that, to the extent your questions are posed in an effort to determine the eligibility of a candidate for election, my predecessors have noted in numerous opinions, and I agree, that: "county boards of election commissioners `do not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law.' State v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405, 409,779 S.W.2d 169 (1989)." Op. Att'y Gen. 2006-153 at 8. My predecessor noted that: "The proper remedy in such case is a court action for mandamus coupled with a declaratory judgment. Id. See also, Hill v. Carter,357 Ark. 597, 184 S.W.3d 431 (2004)." Id. As my predecessor stated in Op. Att'y Gen. 2005-204: "This conclusion follows . . . from the well-established principle that that the election commission generally performs a ministerial function in preparing and furnishing the ballots." Id. at 6, citing State v. Craighead County Board of Election Commissioners, supra. The court in Craighead County, supra, reasoned that:
 . . . the determination of eligibility may often require more than mere ministerial action. . . . To allow the board to consider disputed facts, make findings, and act thereon, is to put it in the same posture as a judicial tribunal. The board, being a ministerial entity, simply does not have that power. . . . The board may not exercise discretion or make findings of fact concerning the eligibility of a candidate. That determination may only be made by a court, and the court may then direct the board to either place the candidate's name on the ballot or remove it, as the case may be.
Id. at 410.
It has been held, however, that county boards of election commissioners have standing to institute such judicial proceedings. See Jacobs v. Yates, 342 Ark. 243, 253, 27 S.W.3d 734 (2000) (stating that: "Certainly, they possess standing, as a result of their ministerial obligations under statute, to request a judicial determination whether a candidate was qualified to stand for the office in question"). To this extent, the eligibility issue may involve your duties as an election official. I will therefore proceed to address your substantive questions regarding eligibility.
The former opinion you refer to is presumably Op. Att'y Gen. 94-220. That opinion concluded that although there was no constitutional or statutory conflict that would prohibit dual service as justice of the peace and county hospital board of governors member, the common law "incompatibility" doctrine would prohibit such service. Attorney General Bryant concluded:
 According to section 14-263-101(c), quorum courts have some authority regarding the appointment and functions of county hospital boards of governors. Section 14-263-104(a) provides that the board of governors shall be appointed by the county judge and approved by the quorum court. In addition, the board submits monthly reports to the county judge and quorum court. A.C.A. 14-263-105(f)(1).
Id. at 2.
The opinion thus concluded that such dual service would violate the incompatibility doctrine, which applies "where one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Id. at 2, citing Tappan v. Helena Fed. Sav. Loan Ass'n.,193 Ark. 1023, 1025, 104 S.W.2d 458 (1937), quoting 46 C.J. 942.
Your question is whether this conclusion is applicable in Pike County, because the Pike County "hospital was established before the quorum court became the legislative body of the county" and "[a]s a result, the governing board is appointed by the county judge without action by the quorum court." In response to this assertion, I can point you to the applicable law. Quorum courts "became the legislative bod[ies]" of counties by virtue of Arkansas Constitution, Amendment 55 and its enabling legislation, Act 742 of 1977. When Act 742 was originally passed, most existing county boards and commissions, including county hospital boards, were required to be reorganized by county ordinance into county departments. See A.C.A. § 14-14-712 (Act 742 or 1977 § 107). In a special legislative session after the 1977 general legislative session at which Act 742 was passed, Act 742 was amended as pertains to county hospital boards of governors. See Acts 1977 (Ex. Sess.), No. 13. This fact is reflected in A.C.A. §§ 14-14-712 and 14-263-101 and -102. The two latter statutes provide in pertinent part as follows:
 14-263-101. Legislative intent.
 (a) It is found and determined by the General Assembly that § 14-14-101 et seq. specifically repealed the existing laws relating to county hospital boards of governors and provided that county hospital boards of governors, along with various other county boards and commissions, would cease to exist on July 1, 1978, or sooner if so provided by ordinance of the quorum court, and that the functions and duties of those boards would thereafter be assigned to various county departments.
 (b) The General Assembly declares that it would be highly detrimental to the various county hospitals in this state to abolish the boards of governors of those hospitals and to transfer the responsibility for the management and operation of those hospitals to a county department.
 (c) It is the purpose and intent of the General Assembly to substantially reenact the laws relating to county hospital boards of governors which were repealed by § 117 of Acts 1977, No. 742, to amend § 14-14-712 so as to exclude county hospital boards of governors from the provisions of § 14-14-712, relating to the reorganization of county boards and commissions, and to assure that the various county hospital boards of governors in the state will continue to function and have the authority and responsibility for the management, control, and operation of the respective county hospitals in substantially the same manner and to the same extent as was provided in Acts 1949, No. 481 [repealed] and the various acts amendatory and supplemental thereto, as if those acts had not been repealed and as if county hospital boards of governors had never been included in the provisions of § 14-14-712; however, in keeping with the intent of Arkansas Constitution, Amendment 55, the quorum courts of the respective counties shall have the authority as set forth in this chapter and § 14-14-712 regarding the appointment and functions of county hospital boards of governors.
14-263-102. Continuation of existing boards of governors.
 (a) The various county hospital boards of governors in existence on August 15, 1977, shall continue in existence and shall function under the provisions of this chapter.
 (b) The members of all those boards serving on August 15, 1977, shall continue to serve for the respective terms for which they were appointed, and their successors shall be selected in the manner and for the terms provided in this chapter.
(Emphasis added).
It is clear, therefore, even for county hospital boards that existed prior to the adoption of Amendment 55 and Act 742 of 1977, that the requirements of A.C.A. §§ 14-263-101-106, govern the appointment of the board members. With regard to the appointment of such board members, A.C.A. § 14-263-104 states:
 The board of governors shall consist of seven (7) members, who shall be qualified electors of the county in which the hospital is located and who shall be appointed by the county judge and approved by the quorum court.
 * * *
 (b)(5) The duty to appoint the initial members of the board and to fill vacancies in case of death, resignation, expiration of terms, or for any other reason shall be that of the county judge with approval of the quorum court.
(Emphasis added).
In my opinion, therefore, in response to your first question, appointment of such board members requires approval of the quorum court, and the conclusions in Op. Att'y Gen. 94-220 are applicable to the facts you present. In my opinion, therefore, in response to the second part of your first question and consistent with Op. Att'y Gen. 94-220, a quorum court member may not serve simultaneously as a member of a county hospital board of governors. Again, however, a county board of election commissioners does not have independent authority to make this determination, nor to remove a candidate's name from the ballot for any such ineligibility.
Question 2 — Is our county required by statute to revise its procedure for appointing members to the governing board of the county hospital?
This question should be addressed to the person to whom Pike County normally looks for legal advice. I hope that the foregoing is helpful in addressing the issue.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:ECW/cyh
[1] In response to your previous informal inquiries, my office sent you the referenced opinion in the hopes that it might answer the question you had on this subject. *Page 1