PRICE *v.* EDMONDS.

5-2074                                    337 S. W. 2d 658

Opinion delivered June 6, 1960.

[Rehearing denied September 12, 1960]

*W. H. Dillahunty, Hale* and *Fogleman,* for appellant.

*Fletcher Long,* for appellee.

JIM JOHNSON, Associate Justice. This is an action brought by appellee as a citizen and taxpayer of the City of West Memphis against the mayor, treasurer, and aldermen of said city, alleging that the mayor and aldermen are making and executing contracts on behalf of the City of West Memphis with and for the financial benefit of themselves personally in violation of law. The al-

legations regarding the treasurer are to the effect that he has made expenditures for such contracts as a part of his duties as treasurer. Appellee asks that appellants be enjoined permanently from continuing such actions and that the appellants be required to repay the City all tax revenues so unlawfully expended.

A temporary injunction was entered by the trial court restraining such practices. Upon a full hearing and in an extremely penetrating memorandum opinion, the Chancellor made the temporary injunction permanent and denied the second request, that of requiring appellants to repay the tax funds so expended. Appellants have appealed that part of the order making the injunction permanent.

For reversal, appellants argue first that the court erred in overruling their motion to make appellee's petition more definite and certain.

This case was originally filed on March 24, 1959. A hearing was held on April 3, 1959, to determine whether a temporary restraining order should be issued. Appellants were present, both in person and by counsel. Based on the testimony of four witnesses the temporary restraining order was issued. Some 30 days following this hearing the appellants' motion to make more definite and certain was filed. The record of the testimony taken at the hearing details the allegations contained in the complaint. The purpose in granting a motion to make more definite and certain is to inform the parties of the facts upon which the alleged claim is based so as to enable them to prepare a defense. See: *Wassell* v. *Sprick,* 208 Ark. 243, 185 S. W. 2d 939; *Gunter* v. *Fletcher,* 217 Ark. 800, 233 S. W. 2d 242; *Spikes* v. *Hibbard,* 225 Ark. 939, 286 S. W. 2d 477; Ark. Stats. § 27-1160.

Without question, at the time the motion was filed appellants were sufficiently advised of the allegations made in the complaint in order to prepare a defense, and the court was not in error by denying their motion to make more definite and certain. The remainder of appellants' argument for reversal is based on Ark. Stats. § 19-909, the pertinent language of which is as follows:

"No alderman or member of any council, which, during the term for which he shall have been elected, or one (1) year thereafter . . . be interested, directly or indirectly, in the profits of any contract or job, for work or services to be performed for the corporation."

Appellants' basic premise is that this statute does not prohibit them from entering into contracts with themselves on behalf of the City for the purchase of "materials", and in fact, by the enactment of this statute the legislature has made an expression of public policy to this effect.

The record reflects that the appellants have engaged in the practices complained of for some time. The quite candid words of the Chancellor's opinion in this regard are more appropriate:

"It has been the position and attitude of the respondents in their pleadings, briefs, and oral arguments throughout this proceeding that expenditure of tax funds belonging to the people of West Memphis by the mayor and city council under contracts of various kinds either with themselves or with companies and enterprises in which they have a beneficial interest — for the specific purpose and with the express intent to create a financial profit to said mayor and councilmen — is not in violation of any law existing in Arkansas. Moreover, from all of the proceedings that have taken place in the progress of this cause of action the conclusion on the part of the court is inescapable that the respondents hold a firm and abiding conviction that even if their practices aforesaid should be found to be in violation of the law they are nevertheless good for the City of West Memphis. The implication in the position and attitude of the respondents stands out in bold relief that this court should ignore any laws that seem to get in the way and defer to the good judgment of the officials concerned.

"Petitioner's allegation that the mayor and city Council were spending the tax money of the people of West Memphis under contracts which they as public officials made with themselves as private individuals with the

purpose and intent to make a financial profit for themselves was admitted by each and every witness which the court now recalls. It is clear beyond the peradventure of a doubt that such practices constituted a continual, consistent, planned course of handling the peoples' money. Not a single official denied these facts. . .''

It is well settled that the common law rule prohibited municipal officers from self-dealing in regard to the sale of materials as well as in contracts or jobs for work or services. 10 McQuillin, Municipal Corporations, § 29.97 *et seq.* See also: *Warren* v. *Wheatley*, 231 Ark. 707, 331 S. W. 2d 843. But counsel for appellants urge the common law rule is no longer in effect by passage of the act pertaining only to work and services. It is their argument that since the lawmakers have seen fit to legislate on the subject and by the above enactment have put restraint only on the performance of work or services, this must be accepted as abrogating the common law rule pertaining to all other contracts between a municipality and its officers. This position is untenable. Appellants rely on the maxim *expressio unius est exclusion alterius.* True, contracts for materials are not prohibited by the statute but there can here be no reason for invoking a maxim to give validity to a contract void at common law as against public policy simply because it does not fall within the prohibitions of the statute. As we have said, both contracts for services and contracts of sale were prohibited at common law. The legislature has done nothing more than emphasize the prohibition relating to services. It would be absurd to give effect to the statute as evidencing a change of view respecting public policy and as a declaration that all contracts heretofore within the prohibition of common law are now legal, save those directly dealt with by the statute.

Appellants rely also on the holding in *Frick* v. *Town of Brinkley,* 61 Ark. 397, 33 S. W. 527. Without analyzing that opinion to determine whether it is inconsistent with the above language, we now hold that the law in

respect to contracts for both materials and work and services is as set forth herein.

Affirmed.

HARRIS, C. J., and McFADDIN, J., dissent in part.