The Honorable Frank J. Willems State Representative Route 3 Paris, Arkansas 72855-9803
Dear Representative Willems:
This is in response to your request for an opinion on the following question:
 1. Can a person who has been elected to a City Council and will take office in January, 1993, who is currently serving on the City Water Commission, continue to serve on the City Water Commission once he begins his term on the City Council?
It is my opinion that the answer to your question is "no."
It is my understanding that your question refers to a city of the first class with the mayor/council form of government. In this regard, A.C.A. § 14-42-107(a)(2) provides that:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he shall have been elected.
While this statute would prohibit a sitting council member from accepting an appointment as a city water commissioner, it appears that it would not prohibit a sitting city water commissioner from taking office as a city council member.
Nonetheless, it is my opinion, pursuant to the common law doctrine of incompatibility of offices, that the same person may not serve as both a city water commissioner and as a city council member. The fact that this particular dual service does not fall within the prohibitions of the statute does not, in my opinion, preclude the application of common law prohibitions. See Pricev. Edmonds, 232 Ark. 381, 337 S.W.2d 658 (1960). It has been stated with regard to this "incompatibility" doctrine that:
 The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,1025, 104 S.W.2d 458 (1937). See also, Davis v. Doyle,230 Ark. 421, 323 S.W.2d 202 (1959) (holding the position of mayor and manager of the city water works incompatible).
The city council has the authority to set the salaries of city water commissioners. A.C.A. § 14-234-304(b). Additionally, the city council has the authority to remove city water commissioners for cause upon a two-thirds vote. A.C.A. § 14-234-305. It is my opinion that these factors, pursuant to the principal cited above, make the offices of city council member and city water commissioner incompatible. See Tappan, supra.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh