The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, AR 72936
Dear Representative Wilkinson:
This is in response to your request for an opinion on two questions concerning the City of Barling. Your first question involves the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 etseq. (Repl. 1992 and Supp. 1995). You have asked:
 Is it a conflict of FOI for a mayor and board member to discuss city business while working together outside of a public meeting environment?
Your second question pertains to a contract between the City of Barling and cable television service to collect payments. You state that the receipts are being taken at the Mayor's place of business, and you have asked whether this is a conflict of interest.
With regard to your first question involving the FOIA, an initial determination must be made regarding the mayor's status as a member of the city's "governing body." The FOIA applies to "all meetings, formal or informal, special or regular, of the governing bodies of all municipalities. . . ." A.C.A. § 25-19-106 (Repl. 1992). This office has previously opined that the mayor in a city of the second class operating under the city council form of government is most likely included in the governing body for purposes of the FOIA. Op. Att'y Gen. 95-227. The opinion cited A.C.A. §§ 14-42-102 (city's corporate authority is vested in the mayor and city council), 14-44-107(a) (mayor is ex-officio president of the council) and 14-44-107(a) (mayor presides at city council meetings and has a vote when his vote is needed to pass any ordinance).
It is my understanding that the City of Barling operates under the city administrator form of government. In Barling, therefore, in accordance with A.C.A. § 14-48-110 (1987), the board of directors constitutes the "legislative and executive body of the city, subject to the powers of the mayor in § 14-48-111, and [is] vested with all powers and authority which . . . were vested . . . in the governing body of the city and in its board of public affairs. . . ." It might be contended that this distinguishes Barling from the city at issue in Opinion 95-227, supra, as does the lack of voting power in the mayor. But it must be noted that the Mayor in Barling serves as "chairman of the board" and presides at all board meetings. A.C.A. § 14-48-111(a)(3) (1987). He has no vote, but he has the power of veto over all board decision except those relative to city personnel. A.C.A. § 14-48-111(a)(3) and (b)(1). He is recognized as the head of city government for all "ceremonial purposes" and for "military law" purposes. A.C.A. § 14-48-111(a)(1).
The Arkansas Supreme Court has not been squarely faced with the question of the mayor's inclusion in the city's "governing body" under the FOIA. While the answer is thus not entirely clear, I believe the mayor's presence at all board meetings as "chairman," coupled with his participation in decision-making via the veto power, offers persuasive support for the proposition that the Mayor of Barling is a part of the city's governing body for purposes of the FOIA.
Assuming that this is correct, the question then focuses on the actions of the Mayor and Board member in this instance, and whether there has been a violation of the so-called "open meetings" requirement.
It is clear from previous opinions of this office that the particular facts in each instance will be determinative of whether an FOIA violation has occurred. The number of members in attendance is not, in my opinion, dispositive. See Ops. Att'y Gen. 95-227 and 91-225.[1] It should be noted, however, that in both of those opinions, the question involved a group meeting where at least two members of the governing body were present, along with certain other individuals. Where the participants in such a meeting discuss or take action on any matter on which the whole governing body will foreseeably act, a violation may well occur if the meeting is not held in public.
The facts in this instance appear to be distinguishable from the scenarios addressed in prior opinions. You indicate in this case that the Mayor and the Board member work together for up to thirty hours each week, and that city business is routinely discussed. This probably falls in that gray area, therefore, somewhere between group meetings to discuss particular matters coming before the Board and so-called "chance encounters" that are typically not viewed as violative of the FOIA.[2]
While each situation must be evaluated based upon the individual facts, I cannot opine, generally, that this routine discussion of city business violates the act. The Mayor and Board member are apparently discussing between themselves general city business in the course of regular work sessions. The particular facts surrounding their working relationship may be relevant to the analysis.[3] The limited facts at my disposal, however, do not suggest that the potential evasion of the FOIA is involved in this case. As to the discussion of particular matters coming before the Board, caution should perhaps be exercised in this regard. Depending upon the particular subject of their discussions, therefore, the Mayor and Board member may wish to consult the local city attorney for advice.
With regard to your second question, I cannot satisfactorily address this matter in the absence of further facts. The question appears to interject the element of self-dealing, which was prohibited at common law. Seegenerally Price v. Edmonds, 232 Ark. 381, 337 S.W.2d 658 (1960). The prohibitions in A.C.A. §§ 14-48-128 and 21-8-304 should perhaps also be noted, although these Code sections impose criminal penalties and must therefore be evaluated by the prosecuting attorney. If, therefore, it is contended that the Mayor has an improper interest in a contract with the city, this is a matter to be referred to the prosecuting attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As noted in Opinion 95-227 (copy enclosed), some confusion currently exists in this regard, suggesting the need for either legislative clarification or a judicial ruling.
[2] See J. Watkins, The Arkansas Freedom of Information Act 235 (2d ed. 1994) (regarding the FOIA's applicability to chance meetings).
[3] I am somewhat uncertain why the Mayor is working for this substantial period weekly with one Board member. Have they, for example, been assigned certain functions or duties by the full Board? And what is the extent of their decision-making authority? These questions are relevant to the "governing body" analysis with respect to committees. The FOIA will apply to committees composed of members of the governing body, and to meetings of other groups if they have decision-making authority.The Arkansas Freedom of Information Act, supra at 43-46.