The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request, on behalf of the Mayor of Crossett, for an opinion concerning that city's elected "clerk-treasurer." The question posed is whether it is lawful for the elected clerk-treasurer in a city of the first class to hire herself for any one of three positions under her supervision — "Deputy Treasurer," "Deputy Clerk," or "Water Bill Teller #1." The Mayor asks whether it is lawful for the clerk-treasurer to hire herself for one of these positions, and then, alternatively, asks whether it would be lawful for the city council to hire her to fill any of these positions.
It is my opinion, for the reasons that follow, that it is unlawful for the clerk-treasurer to hire herself for any of these positions, and that the question of whether it is lawful for the city council to hire her is somewhat unclear and may depend upon local ordinances and the attendant facts.
Some background information may be helpful. In 1995, I issued Op. Att'y Gen. 95-187, addressed to you, which also concerned the dual service of the Crossett clerk-treasurer. In that opinion, the facts showed that a current employee of the treasurer's office, the "water bill teller" was elected to the clerk-treasurer position. After the election, she decided to keep both positions and wished to receive the salaries for both. I opined that I could find no constitutional, statutory, or common law prohibition against this action on the facts noted. Id. at 2.
The question you now pose is significantly different from that posed in Opinion 95-187. I assume that between the issuance of Op. Att'y Gen.95-187 and your current request, something has happened to interrupt the dual service of the clerk-treasurer, or else your current question concerns a different clerk-treasurer. I am not privy to these facts. In any event, there is a significant factual and legal difference, in my opinion, between retaining a pre-existing employment in the treasurer's office, after election to the clerk-treasurer position, and appointing yourself, once clerk-treasurer, to a position under your supervision. I could find no prohibition against the former in Opinion 95-187, and believe the latter to be contrary to law.
Although there is, in my opinion, no constitutional impediment to the clerk "hiring herself," one state statute could be implicated by the action you suggest, and in my opinion such action is violative of the common law doctrine which prohibits municipal officials from "self-dealing." It should be noted that A.C.A. § 21-8-304(a) (Repl. 1996) provides as follows:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
Although the question of whether this statute has been violated is one of fact, depending upon the circumstances and the actions of the public official at issue, its applicability would appear to be clearly indicated by the facts you relate.
In addition, and notwithstanding this statute, it is my opinion that the clerk-treasurer's action in hiring herself for one of these positions would be violative of the common law, and could be set aside by a legal action. It has been stated that: "It is well settled that the common law rule prohibited municipal officers from self-dealing in regard to the sale of materials as well as in contract or jobs for work or services."Price v. Edmonds, 232 Ark. 381, 384, 337 S.W.2d 658 (1960), citing 10 McQuillin, Municipal Corporations, § 29.97 et. seq. See also, City ofFordyce v. Vaughn, 300 Ark. 554, 781 S.W.2d 6 (1989) (Glaze, J. concurring). In my opinion, any action the elected clerk-treasurer takes to "hire herself" would violate this doctrine and could be set aside.
The next question presented is whether the city council could hire the elected clerk-treasurer to perform any of the three listed positions.
As an initial matter, state law does not clearly address who has the authority to hire employees of the clerk-treasurer's office. This may be a matter governed by local ordinance and the charter of the city. See,e.g., Op. Att'y Gen. 93-268 (stating that in second-class city, local charter and ordinances govern the responsibility for hiring employees). Assuming, however, that the city council could, pursuant to such local authority, act to hire an employee for the clerk-treasurer's office, it is my opinion that its authority to hire the elected clerk-treasurer for one of these positions is unclear and may depend on the facts. If it is the council which is to hire the employee, and not the clerk-treasurer herself, the element of self-dealing mentioned above is somewhat obviated.
The remaining issue with regard to the council's authority to hire the clerk-treasurer is whether any law prohibits the clerk-treasurer from holding the two positions simultaneously. I opined in Op. Att'y Gen.95-187 that I could find no such law as regarded the positions of elected clerk-treasurer and "water bill teller." One caveat should be noted in this regard, however. In Op. Att'y Gen. 95-187, I opined that such dual service would not appear to violate the common law "incompatibility of offices" doctrine, because I have typically construed that doctrine as having applicability only when two "offices" are at issue, as opposed to two "employments" or one "office" and one "employment." It should be noted, however, that there is no controlling Arkansas case law on this point, and the courts of other jurisdictions are split on the question of whether the "incompatibility doctrine" has application to mere employments, such as I assumed the position of "water bill teller" in Opinion 95-187. In any event, the positions of "deputy clerk" and "deputy treasurer" may, depending upon the facts, more nearly meet the requirements of an "office," and if so, the incompatibility doctrine, which prohibits dual service where one position is subordinate to the other, or subject to the supervisory power of the other, may, depending upon the extent of the clerk's supervisory role, prohibit the clerk from holding both positions. Again, all the relevant facts would have to be considered.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh