Davis *v.* Doyle.

5-1843                     323 S. W. 2d 202

Opinion delivered April 20, 1959.

*Ponder & Lingo,* for appellant.

*Howard & McDaniel,* for appellee.

Paul Ward, Associate Justice. The question for decision is: Can appellant, Mitchell Davis, lawfully hold the office of Mayor of Hoxie and act as manager of the Hoxie Waterworks and Sewer System at the same time and draw salaries from both sources?

The facts are not in dispute. Davis has served as Mayor continuously since 1949 and has drawn a salary in that capacity. Prior to 1949 Hoxie had a waterworks system and paid someone to service it, but it seems that there was no separate office of manager. In 1954 the City completed a sewer system, joined with the waterworks system, and created the office of manager of the combined system with a salary of $200 per month with an additional $100 per month for expenses. All this was done by a Resolution duly passed by the City Council, the material parts of which read as follows:

"Section 1. The office of manager of the waterworks and sewer systems is hereby created, with the following duties and responsibilities.

"A. It shall be the duty of the manager to maintain and repair the waterworks and sewer systems in proper working order to insure full and adequate service to the inhabitants of Hoxie, Arkansas, it being understood that he is to have the right to hire such additional workers as are necessary to accomplish this purpose.

"B. It shall be the duty of the manager to enforce all the provisions of the State Plumbing Code, as adopted by reference by the City of Hoxie, Arkansas, and to inspect and test all plumbing work for compliance with the Code.

"C. It shall be the duty of the manager to supervise the business operations of the sewer and waterworks system.

"Section 2. The office of manager having been filled temporarily by Mitchell Davis, he is appointed hereby as manager of the waterworks and sewer systems of the City of Hoxie, Arkansas, to serve for such a period of time as the above said duties are properly fulfilled, or until discharged by the Waterworks and Sewer Committee, said discharge to be approved by the City Council. He is to serve at a salary of $200.00 Dollars, and is to have an expense account in the amount of $100.00 Dollars, both to be paid monthly."

On July 31, 1958, appellees, as citizens and taxpayers of Hoxie, filed a complaint in Chancery against Davis, as Mayor and as an individual, and against the Treasurer and the Recorder of Hoxie, alleging essentially the facts set forth above, and praying that: (a) Davis be enjoined from receiving any further sums from the town of Hoxie for serving as superintendent (manager) of the said improvement district; (b) Davis repay the sum of $14,400 already received, and; (c) The Treasurer and Recorder be restrained from issuing or honoring any further voucher to Davis. In the answer appellants denied that Davis, at this time, was prohibited by law from holding

both offices or from drawing both salaries, and in the alternative, stated that Davis should be allowed to retain the money already received as reasonable compensation for services rendered.

After a hearing on an agreed statement of facts, the Chancellor ruled that: Davis is enjoined from acting as Superintendent or Manager of the Improvement District, and from receiving compensation therefrom hereafter so long as he shall serve as a member of the City Council (Mayor) of Hoxie. The effect of the above ruling, it is noted, was to allow Davis to keep the money he had already received, and we think properly so. At any rate no appeal has been taken by appellees to that portion of the opinion.

It is our conclusion that the trial court was correct in holding that Davis could not act as manager of the Waterworks and Sewer System and draw a salary as such while, at the same time, occupying the office of Mayor of Hoxie. Such a double role, the Chancellor said, was "inconsistent and incompatible", and, again, we think he was right.

In the case of *Rogers* v. *Sangster,* 180 Ark. 907, 23 S. W. 2d 613, the City of Osceola, by ordinance, attempted to lease the City Waterworks System to the Mayor and two members of the Council. This court, in sustaining the trial court which held the lease void, approved the following statement:

"At common law, and generally under statutory enactment, it is now established beyond question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy, and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of a board or council. Neither the fact that a majority of the votes of a council, or board, in favor of the contract are cast by disinterested officers, nor the fact that the officer interested did not participate in the proceedings, necessarily relieves the contract from its vice. The facts that the interest of the offending officer in the invalid contract is indirect, and

is very small, is immaterial. The statutory prohibition is frequently so wide in its terms as to prohibit any officer from contracting with the municipality, whether he takes part in the making of the contract or not.''

The Court also said that Ark. Stats. Sec. 19-909, which declares that no member of the Council shall ''be interested, directly or indirectly, in the profits of any contract or job, work or services to be performed for the corporation,'' is declaratory of the common law. In *Tappan* v. *Helena Federal Savings & Loan Assn.,* 193 Ark. 1023, 104 S. W. 2d 458, we held that it was incompatible for appellant to serve as Mayor of Helena and at the same time serve as a Commissioner of Street Improvement District of Helena.

In addition to what we have already said, we also think Davis is barred from holding both of said positions at the same time by that portion of Sec. 19-909 quoted above. In *Revis* v. *Harris,* 219 Ark. 586, 243 S. W. 2d 747, we held that said statute prevented Harris from receiving money from the Clarksville Water & Light Company as a laborer while he was Mayor of that City.

We cannot agree with appellant Davis' contention that the resolution of the Hoxie Council amounted merely to an increase in his salary as Mayor. We do not think, as Davis insists, that the above contention is sustained by the case of *Kindricks* v. *Machin,* 135 Ark. 459, 205 S. W. 815. In that case we said the City of Argenta, by resolution, *abolished the office of manager* of the Light Plant and *imposed the duties of that office on the Mayor with an increase of salary.*

Because of the views above expressed it becomes unnecessary to answer appellants' argument to the effect that said Sec. 19-909 does not apply here since Davis was elected Mayor before the position of Manager was created.

Affirmed.