The Honorable Owen T. Miller State Representative 602 Liberty Marked Tree, AR 72365
Dear Representative Miller:
This is in response to your request for an opinion on the following question:
 Can the mayor of a city of the second class or town also serve in the capacity of an alderman or Justice of the Peace within the same community and county?
I assume, initially, that your question is asked with respect to a municipality operating under a mayor-city council form of government, also known as the aldermanic form of government.
Unlawful conflicts of interest generally fall within three categories: a constitutional conflict, a statutory conflict, and a conflict that arises due to the incompatibility of offices. Byrd v. State. 240 Ark. 743, 402 S.W.2d 121 (1966). We find no constitutional provisions applicable to the first portion of your question involving a mayor's service as alderman. I do believe, however, that a persuasive argument can be made in favor of the general incompatibility of these offices. This argument may be premised largely upon the mayor's veto powers and the city council's authority to override the veto, powers and duties which belie the assertion that the legislature envisioned one person holding both positions. See A.C.A. 14-44-107 and 14-45-105, applicable to cities of the second class and incorporated towns, respectively.
Of greater significance, however, are the prohibitions contained in A.C.A. 14-42-107. This provision states in pertinent part as follows under subsection (a)(2):
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
Several Arkansas Supreme Court decisions may be cited for the proposition that this provision will, generally, apply to prevent a mayor's service as alderman. The court in Davis v. Doyle,230 Ark. 421, 323 S.W.2d 202 (1959) determined that a mayor could not act as manager of the municipal waterworks, relying in part upon certain language of Ark. Stat. Ann. 19-909 (now codified as A.C.A.14-42-107) which at that time included the following:
 No alderman or council member shall be interested, directly or indirectly, in the profits of any contract or job, work or services to be performed for the corporation.
This provision was subsequently amended to apply the prohibition to "the furnishing of supplies, equipment, or services to the municipality," unless an ordinance specifically permits business dealings between council members and the city. A.C.A.14-42-107(b)(1). However, the significance of David v. Doyle for purposes of your inquiry lies in the fact that the prohibition involved in that case (14-42-107(b)(1)) extended to a mayor, and the language of 14-42-107(a)(2) is identical in its applicability to an "alderman or council member." See also, Rogers v. Sangster,180 Ark. 907, 23 S.W.2d 613 (1930); Gantt v. Ark. Power Light Co., 189 Ark. 449, 74 S.W.2d 232 (1934).
While it is therefore my opinion that 14-42-107(a)(2) generally applies to preclude a mayor's service as alderman, it must also be noted that there appear to be certain instances in which service in both positions is permissible. Code provisions governing the filling of vacancies must be considered in this regard. A.C.A.14-42-103 states as follows:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
(b) The governing body may appoint any qualified elector, including members of a governing body, to fill the vacancy. However, a member of the governing body shall not vote on his own appointment.
A.C.A. 14-42-103 may be cited in support of the proposition that the mayor may fill a vacancy on the city council where state law authorizes the filling of such vacancy by appointment by the city or town governing body. Vacancies in the office of alderman in cities of the second class may be filled by a majority vote of the city council. A.C.A. 14-44-104. The person chosen serves for the unexpired term. The town council of an incorporated town may, similarly, fill vacancies on the council, and the persons selected serve "until the next biennial election and until their successors are elected and qualified." A.C.A. 14-45-103. It thus appears that a vacancy in an alderman position may be filled by a mayor in accordance with the foregoing provisions.
You have also asked whether a mayor can also serve as justice of the peace within the same community and county. We find no constitutional or statutory provision precluding service in both of these positions. And there is some indication that the legislature deems these offices to be compatible, at least as to the justice of the peace serving in a judicial capacity. This conclusion is compelled by the language of the following provisions, applicable to cities of the second class and incorporated towns, respectively:
 (a) The mayor of a city of the second class shall have, within the limits of the city, all of the jurisdiction and power of a justice of the peace in all civil or criminal matters arising under the laws of this state, to all intents and purposes. For crimes and offenses committed within the limits of the city, the mayor's jurisdiction shall be coextensive with the county.
 (b) Any mayor may designate, at such times as he shall choose to do so, any duly elected and qualified justice of the peace in the township to sit in the mayor's stead as justice of the city court. All fines and penalties assessed by the court in such a case shall continue to be paid into the city treasury. The justice sitting in the stead of the mayor shall charge and collect the same fees as justices of the peace are allowed for similar services.
A.C.A. 14-44-108
(a) The mayor of an incorporated town shall be a conservator of the peace throughout its limits and shall have, within the town, all power and jurisdiction of a justice of the peace in civil or criminal matters arising under the laws of the state, to all intents and purposes whatever. For crimes and offenses committed within the limits of the town, the mayor's jurisdiction shall be coextensive with the county.
(b) Any mayor may designate, at such times as he shall choose to do so, any duly elected and qualified justice of the peace in the township to sit in the mayor's stead as justice of the city court. All fines and penalties assessed by the city court in that case shall continue to be paid into the town treasury, and the justice sitting in the stead of the mayor shall charge and collect the same fees as justices of the peace are allowed for similar service.
A.C.A. 14-45-106
Although the constitutionality of the city court was upheld by the Arkansas Supreme Court in Gore v. Emerson, 262 Ark. 463,557 S.W.2d 880 (1977), the Court in that case did rule that the safeguards and practices employed by the mayor as judge of the court did not, under the particular circumstances of that case, fully meet the requirements of due process of law. 262 Ark. 470, 472. It is therefore apparent that while the mere holding of both positions arguably does not create an unlawful conflict of interest, due process concerns must be addressed when considering the mayor's role as justice of the peace serving in a judicial capacity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.