The Honorable Lu Hardin State Senator 309 South Vancouver Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the question of whether a recorder/treasurer exercising the powers and duties of mayor during a vacancy in the mayor's office may receive both her salary as recorder/treasurer and the mayor's salary. Specifically you indicate that the mayor of the City of London resigned and the city council "appointed the Secretary/Treasurer to act as mayor until an election could be held." Your question in this regard is as follows:
 Can the Secretary/Treasurer draw the salary of Secretary/Treasurer and Mayor while she is acting as both the Mayor and Secretary/Treasurer? Her salary was approved by the City Council.
It is my opinion that the answer to your question is "no."
The City of London is a city of the second class, and A.C.A. §14-44-106 provides that:
 Whenever a vacancy shall occur in the office of mayor in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect, by a majority vote of the alderman, a mayor to serve the unexpired term or call for a special election to be held within thirty (30) days to fill the vacancy. At this election, a mayor shall be elected to fill out the unexpired term.
The statute above gives the city council the option of either appointing someone to fill out the unexpired term, or calling a special election. Your request indicates that a special election is to be held. Section 14-42-111, however, provides that:
 Whenever the mayor of an incorporated town or city of the second class is unable to perform the functions of his office, or is absent and cannot be obtained, the recorder of the town or city shall be authorized and empowered to perform the functions of a magistrate during the disability or absence of the mayor, with all the powers and jurisdiction of the mayor, to all intents and purposes whatever.
I assume that the "Secretary/Treasurer" to which you refer is actually the recorder/treasurer as authorized at A.C.A. §14-44-114. The statute above, A.C.A. § 14-42-111, thus authorizes the recorder/treasurer, in her capacity as recorder, to exercise the powers and duties of mayor until a new mayor can be selected at the special election. No special or extra compensation is authorized by this provision, however. The statutes contemplate, in my opinion, the interim exercise by the recorder of the mayor's duties as a part of the recorder's job; and as such, the duties exercised are to be compensated through her salary as recorder.
Additionally, this office has previously opined that a vice-mayor, while exercising the functions of mayor, could not lawfully receive both his compensation as vice-mayor and the mayor's salary in light of A.C.A. § 14-43-409, which provides that:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
See Op. Att'y Gen. No. 90-034, a copy of which is enclosed.See also generally, Davis v. Doyle, 230 Ark. 421,323 S.W.2d 202 (1959).
Although the statute above appears to apply only to cities of the first class, it has been interpreted to apply as well to cities of the second class and incorporated towns. Conner v. Burnett,216 Ark. 559, 226 S.W.2d 984 (1950).
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh