The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion, on behalf of the Mayor of Tuckerman, on whether the Mayor can legally hold both the position of mayor and "city inspector."[1] You also inquire, assuming such dual service is legal, whether the mayor can be paid one salary for both positions or two separate salaries for the positions.
It is my opinion that the answer to your question is "no," the mayor may not legally hold the two positions, and may therefore not receive compensation for both positions, whether in the form of one salary or two.
In the context of dual-office holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). It is my opinion that although no constitutional conflict exists, the mayor's dual service would be contrary to both statutory prohibitions and the "incompatibility" doctrine.
Section 14-42-107(a)(2) (1987) of the Arkansas Code provides that "No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected." The mayor is a "council member," albeit and "ex-officio" member. See A.C.A. § 14-43-501 (b)(1)(A), Gibson v. City of Truman, 311 Ark. 561, S.W.2d ___ (1993), and Op. Att'y Gen. Nos. 88-083 and 92-104. As such he is prohibited from being appointed to any municipal office during his term. It has previously been opined that the positions of city building inspector and/or city plumbing inspector are "offices." See Op. Att'y. Gen. Nos. 91-302 and 91-287. The mayor, therefore, cannot accept an appointment as city inspector during his term as mayor.
Additionally, even if the mayor held the office of city inspector prior to taking office as mayor, such dual service would be prohibited by the common law "incompatibility" doctrine. It has been stated with regard to this doctrine that:
 The incompatibility which at common law makes offices incompatible . . . lies . . . in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
Tappan v. Helena Federal Savings Loan Association,193 Ark. 1023, 104 S.W.2d 458 (1937), at 1025.
Section 14-43-504(b)(1) (Cum. Supp. 1991) gives the mayor the power to "supervise the conduct of all officers of the city. . . ." The position of inspector is therefore subject to the supervisory power of the mayor, and as such, the holding of both offices by one individual is prohibited by the incompatibility doctrine. See also Davis v. Doyle,230 Ark. 421, 323 S.W.2d 202 (1959) (mayor serving as manager of sewer and waterworks violated § 14-42-107 and was inconsistent and incompatible and compensation received could not be construed as merely an increase in the salary as mayor).
It is therefore my opinion that the answer to your first question is "no," and an answer to your second question is therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that the term "city inspector" refers to some type of building or plumbing inspector for the city.