The Honorable Betty C. Dickey, Prosecuting Attorney Eleventh Judicial District, West Jefferson County Courthouse 100 West Barraque Pine Bluff, Arkansas 71601
Dear Ms. Dickey:
This opinion is being issued in response to your recent question regarding the position of Water Systems Manager in a city of the second class. You have asked:
 (1) May a city of the second class abolish the position of water systems manager and, by ordinance, assign those duties to the office of the mayor?
 (2) If so, may the council increase the salary of the mayor in order to compensate for the additional duties?
RESPONSE
Question 1 — May a city of the second class abolish the position of watersystems manager and, by ordinance, assign those duties to the office ofthe mayor?
The answer to Question 1 will depend upon certain facts of which I have not been apprised. I therefore cannot opine conclusively in response to Question 1. I will, however, set forth the applicable guidelines upon the basis of which the situation can be assessed.[1]
The course of action about which you have inquired actually entails two acts: the act of abolishing the position of water systems manager, and the act of assigning the duties of that position to the mayor. These two acts must be analyzed separately.[2]
Abolishing the Position
If the city's water system is operated under the authority of a waterworks commission as authorized by the provisions of A.C.A. §14-234-301 et seq., the city council does not have the authority to abolish the position of water systems manager. The authority to take such action lies solely with the waterworks commission, pursuant to the provisions of A.C.A. § 14-234-306, which states:
 (a) The commissioners appointed under this subchapter shall have full and complete authority to manage, operate, improve, extend, and maintain the municipal waterworks and distribution system, and shall have full and complete charge of the plant, including the right to employ or remove any and all assistants and employees of whatsoever nature, kind, or character and to fix, regulate, and pay their salaries.
 (b) It is the intention of this subchapter to vest in the commissioners unlimited authority to operate, manage, maintain, improve, and extend the municipally owned waterworks and distribution system and to have full and complete charge thereof.
A.C.A. § 14-234-306. Because the waterworks commission has exclusive authority over the water system and its employees, the city council in a city where the water system is operated under the authority of a water commission may not infringe upon the commission's authority. The commission clearly has the authority to abolish the position.
In a city where the water system is not operated under the authority of a waterworks commission pursuant to A.C.A. § 14-234-301 et seq., responsibility for the operation of the system, including a decision to abolish the position of the manager of the system, lies with the city council, by virtue of the council's corporate authority under A.C.A. §14-42-102, and the authority of the city to provide public services. A.C.A. § 14-42-307. Therefore, in a city without a waterworks commission, the city council can choose to abolish the position of manager of the water system.
Assigning the Duties to the Mayor
In cities that have waterworks commissions, the commission has the ultimate authority, under A.C.A. § 14-234-306, to assign the task of managing the water system. However, the commission does not have the authority to establish the duties of the mayor.
In all cities, the duties of the mayor are established by state law and by the city council — not by any other body. The duties of mayors in cities of the second class are generally delineated in A.C.A. § 14-44-107
and -108. The city council may, under the general authority granted to municipalities in A.C.A. § 14-42-307 and A.C.A. § 14-54-101, prescribe specific duties for the mayor that are not contrary to state law. If the duties of managing the municipal water system are to be assigned to the mayor, the assignment must be issued by the city council. In cities that have waterworks commissions, the commission can recommend that the duties of water systems manager be assigned to the mayor, but such an assignment (assuming that it is appropriate for the mayor to act as manager of the water system) can only come from the city council.
Can the Mayor Act As Manager of the Water System?
It is my opinion that the mayor can be assigned the task of managing the city's water system, if the city council enacts an ordinance permitting the mayor to take on this task, and prescribing the extent of the mayor's authority in connection with the task.
It is true that the situation might, at first blush, appear to be prohibited by A.C.A. § 14-42-107 and by the Arkansas Supreme Court's holding in Davis v. Doyle, 230 Ark. 421, 323 S.W.2d 202 (1959). One of the provisions of A.C.A. § 14-42-107 prohibits council members (which includes the mayor, see Op. Att'y Gen. No. 88-083) from having any interest, direct or indirect, in municipal contracts for the provision of services. The Arkansas Supreme Court, in Davis v. Doyle, 230 Ark. 421,323 S.W.2d 202 (1959), held, on the basis of this provision of A.C.A. §14-42-107, that a mayor could not serve as manager of the municipal water system.
Despite these authorities, the situation nevertheless can be permissible under an exception to A.C.A. § 14-42-107 that was enacted after the Davisv. Doyle decision. Section (b) of A.C.A. § 14-42-107 states:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
A.C.A. § 14-42-107(b) (emphasis added). This exception language was added to A.C.A. § 14-42-107 in 1981 by Acts 1981, No. 485, § 1.
I must therefore conclude that if the city council has enacted an ordinance permitting the mayor to serve as manager of the water system, and prescribing the extent of his authority in connection with the water system, the situation is permissible.
Question 2 — If so, may the council increase the salary of the mayor inorder to compensate for the additional duties?
It is my opinion that the city council may increase the salary of the mayor in order to compensate for the additional duties. Salary increases during municipal officials' terms of office are expressly authorized by A.C.A. § 14-42-113.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Please note that my analysis of your question is based upon a described scenario in which the position of water systems manager has actually been abolished and no longer exists. Therefore, the question does not present the issue of dual office-holding, such as the one that was addressed in Op. Att'y Gen. No. 94-389. See also Footnote 2, in which a related issue is addressed.
[2] It should be noted that the act of abolishing the position of water systems manager and assigning those duties to the mayor may be viewed as an attempt to circumvent the provisions of A.C.A. § 14-42-107(a)(2), which states:
 No alderman or council member² shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
A.C.A. § 14-42-107(a)(2). If the duties of water systems manager do not constitute a separate office, but rather, are merely additional duties of the mayor, the above-quoted provision is not be violated. Nevertheless, as discussed more fully in this opinion, the situation can be problematic in other respects.