The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Senator Critcher:
This is in response to your request for an opinion on the following question:
 Can the Mayor of a Second Class City who receives a salary as mayor be employed simultaneously as a full-time salaried employee of the same city?
It is my opinion that if the employment the Mayor holds is a separate one from his duties as Mayor, the answer to your question is "no," he may not lawfully hold both positions. The language of your question indicates a separate salaried employment.[1]
One untitled and unsigned document enclosed with your request indicates that at a special city council meeting, several items of business were conducted, but that one of these was a proposal by the Mayor that he would resign his private employment if the City would hire him as an employee at a salary of $400 per week, "the $400 to include his salary of $160 per month Mayor's salary." "His functions as an employee would be to `help out' where ever needed, in the Water/Sewer Department, Street Department, Sanitation Department, etc. The Council approved his proposal essentially without discussion or debate." Also enclosed with your request, however, are what appear to be the actual minutes from this special City Council meeting. The minutes reflect that the Mayor "asked to be a working Mayor as he felt that he could be a help to the City. He stated that he could work for four hundred ($400.00) dollars per week." A motion in this regard was made and seconded and unanimously accepted by the Council.
There may be some factual dispute, therefore, as to whether the Mayor has been hired for a separate employment with the City, or whether the Council has merely raised his salary and increased his duties as Mayor. The former, in my opinion, is impermissible, and the latter is unobjectionable. I am not empowered as a factfinder, however, and cannot resolve the factual dispute as to which of these two actions has occurred. Your question, however, inquires as to whether the Mayor can "be employed simultaneously as a full-time salaried employee of the same city." The question you pose therefore inquires as to the legality of the first action.
In my opinion the employment of the Mayor in a separate salaried position with the City in all likelihood violates both A.C.A. § 14-42-107 and the common law doctrine of incompatibility. This conclusion follows, in my opinion, from the recent case of Thompson v. Roberts, 333 Ark. 544,970 S.W.2d 239 (1998). In Thompson, the Arkansas Supreme Court held that the dual service of a mayor as part-time bookkeeper for a city of the second class violated A.C.A. § 14-42-107 and the doctrine of incompatibility. The court addressed the latter doctrine first, stating:
 While the trial court found that the appellants had proved no wrongdoing except `performing two jobs,' it is that very inconsistency which is the basis of the incompatibility doctrine. One commentator has explained, `Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both.' [Citation omitted.] In the present case, common sense dictates that the bookkeeper for the city would to some degree be subject to the supervisory power of the mayor. This is true despite express statutory authority providing for the supervisory power of mayors in cities of the first class, see Ark. Code Ann. § 14-43-504 (Repl. 1998), and the lack of such an express statement of power for mayors in cities of the second class such as Devalls Bluff.
333 Ark. at 549.[2]
The court went on to hold that A.C.A. § 14-42-107, specifically A.C.A. §14-42-107(b)(1), prohibited the mayor's service as bookkeeper. That provision states that "[n]o alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority." The court noted that this statute has also been held applicable to mayors, and that the job of bookkeeper could be seen as a contract for the furnishing of services in violation of the statute. Id. at 550, citing Davis v. Doyle,230 Ark. 421, 323 S.W.2d 202 (1959) (applying the statute to a mayor).
A separate employment of the Mayor by the City, therefore, would in my opinion run afoul of these legal provisions. Again, however, a fact question may remain as to the actual facts of the incident that prompted your request.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The city council may, however, increase the Mayor's salary for his duties as Mayor. See Arkansas Constitution, Amendment 56, § 4 and A.C.A. § 14-43-409 (Repl. 1998).
[2] Although previous Attorney General's opinions conclude that the holding of two "offices," as opposed to the holding of one office and one "employment" is a necessary prerequisite to the applicability of the incompatibility doctrine, the court in Thompson did not concern itself with this point. The court applied the incompatibility doctrine to the position of part-time bookkeeper without any discussion as to its status as an "office."