The Honorable Terry Smith State Senator 101 Hal Court Hot Springs, Arkansas 71901
Dear Senator Smith:
I am writing in response to your request, on behalf of the Mayor and City Attorney of Mountain Pine, for an opinion on the following question:
 Can an Alderman be employed by the city when he serves on the City Council? This individual was a city employee before becoming an alderman.
Correspondence attached with your request indicates that the position in question is Sewer Plant Superintendent and that the "description for this job is to get the readings, maintain the sewer system and submit necessary reports."
RESPONSE
In my opinion the dual service is in all likelihood prohibited under the common law "incompatibility doctrine" and by statute, as described inThompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
In the context of dual office holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties.Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). Although I am not aware of any constitutional prohibition against the situation you describe, the concurrent service of a city council member as a Sewer Plant Superintendent would, in my opinion, violate both the common law doctrine and A.C.A. § 14-42-107.
A similar issue was discussed in Thompson v. Roberts, supra. In that case, a woman who performed the duties of bookkeeper for a second-class city later became mayor. She continued to perform the duties of bookkeeper after her election and was separately compensated for those duties. The court held that her dual service violated both the common law doctrine of incompatibility and A.C.A. § 14-42-107. The Arkansas Supreme Court, addressing the common law doctrine first, stated that:
 While the trial court found that appellants had proved no wrongdoing except "performing two jobs," it is that very inconsistency which is the basis of the incompatibility doctrine. One commentator has explained, "Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both." Eugene McQuillin, 3 The Law of Municipal Corporations § 12.67 (3d ed. 1990). In the present case, common sense dictates that the bookkeeper for the city would to some degree be subject to the supervisory power of the mayor.
Id. at 549.
The court also relied upon previous case law in reaching its conclusion, including Davis v. Doyle, 230 Ark. 421, 323 S.W.2d 202 (1959) and Tappanv. Helena Federal Savings and Loan Ass'n, 193 Ark. 1023, 104 S.W.2d 458
(1937). In the latter case, the court stated that "[t]he inconsistency, which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."
I am not in possession of all the facts concerning the Sewer Plant Superintendent position and the extent of any oversight exercised by the city council over that position. At a minimum, however, the council in all likelihood appropriates the salary for the Superintendent and may also have some oversight of expenditures made in connection with the sewer plant. These factors are indicative of the type of incompatibility discussed in Thompson.
The court in Thompson also placed reliance on A.C.A. § 14-42-107, which provides that:
 (a)(1) No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected.
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
Emphasis added.
Although subsections (a)(1) and (2) above may not apply, because the individual in question held the Superintendent position prior to his service on the city council (see Ops. Att'y. Gen. 98-035, fn1; 94-102 fn 1; and 92-273), in my opinion subsection (b)(1), as interpreted inThompson, nonetheless prohibits the dual service. The court stated "[u]nder the plain language of the statute, it is apparent that Robert's position as bookkeeper may be seen as an interest in the profits of a contract for the furnishing of services. Such an interest is prohibited by section 14-42-107(b)(1) absent an authorizing ordinance." Id. at 550.
In my opinion, therefore, the dual service you describe is in all likelihood prohibited by the common law incompatibility doctrine and by A.C.A. § 14-42-107.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh