The Honorable David Evans State Representative P.O. Box 856 Searcy, AR 72145-0856
Dear Representative Evans:
I am writing in response to your request for my opinion on the following question:
 If a person is an elected official such as Recorder/Treasurer in an incorporated town, is there a conflict of interest for that person to receive the monthly pay and also be employed by the town as either a secretary or assistant to the mayor with an hourly wage?
RESPONSE
In my opinion, depending on the nature of the employment, such dual service might be prohibited under the common-law doctrine of incompatibility. See Thompson v. Roberts, 333 Ark. 544 (1998). However, only a finder of fact can make this determination based upon all the attendant circumstances. Even if the service were not prohibited at common law, if the dual service commenced after the enactment of Acts 2003, No. 1299, § 1, I believe the contract would be prohibited absent the approval of the town council. A.C.A. § 14-42-107(b)(1).
Your question is materially indistinguishable from one considered by one of my predecessors in the attached Ark. Op. Att'y Gen. No.98-108, which addressed whether the Hartford City Recorder might also be employed as a city "water clerk." I fully concur with the following analysis offered by my predecessor:
 In Op. Att'y Gen. 95-187 (copy enclosed), I opined that I could find no law prohibiting the holding of a "water bill teller" position by the elected clerk-treasurer. More recently, in the latter part of Op. Att'y Gen. 98-068 (copy enclosed), I opined that the question may depend upon the particular facts, including the extent of the clerk-treasurer's supervisory power over the water bill position. Both opinions are enclosed for your review and should satisfactorily answer your question.
 One change in the law since the issuance of those opinions should be mentioned. There was some discussion in Opinions 95-187 and 98-068 as to whether the common law incompatibility of offices doctrine would prohibit the service in question where both of the positions were not "offices" as that term has been judicially construed. On June 11, 1998, the Arkansas Supreme Court decided a case, Thompson v. Roberts
(No. 97-1150), [333 Ark. 544 (1998)], which applied the common law doctrine of incompatibility to the positions of mayor and part-time bookkeeper for the city. The latter position obviously does not meet the judicial criteria for an "office." After this decision, I must conclude that the common law doctrine is applicable to the facts you describe, and the question of whether the doctrine has been violated will depend upon the potential conflict of interest in the holding of the two positions. Any inherent exercise on the part of the City Recorder of supervisory power over the "water clerk" position will lead to such conflict.
I am inclined to elaborate on my predecessor's opinion only by offering the following excerpt from Thompson:
 In Rogers v. Sangster, 180 Ark. 907, 23 S.W.2d 613 (1930), and later in Davis v. Doyle, 230 Ark. 421, 323 S.W.2d 202 (1959), this court described the common-law rule of incompatibility as follows:
 At common law, and generally under statutory enactment, it is now established beyond question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy, and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of a board or council. Neither the fact that a majority of the votes of a council, or board, in favor of the contract are cast by disinterested officers, nor the fact that the officer interested did not participate in the proceedings, necessarily relieves the contract from its vice. The facts [sic] that the interest of the offending officer in the invalid contract is indirect, and is very small, is immaterial. The statutory prohibition is frequently so wide in its terms as to prohibit any officer from contracting with the municipality, whether he takes part in the making of the contract or not.
 In Rogers, supra, we reasoned that "[m]unicipal officers are held by the courts to a strict accountability in their dealings with or on behalf of the municipal corporation; and in recognition of their incapacity to serve two masters, as an incident to the frailty of human nature, public policy has placed a disability to make a contract for the city where they are interested in it in any degree. The rule is so inflexible that no inquiry into their good or bad intention or to the fairness or unfairness of the contract is permitted." The Rogers court thus struck down an ordinance which authorized the mayor and a majority of the board of alderman to "take over" the waterworks and electric light plant. Similarly, in Davis, supra, this court held that the mayor of Hoxie could not also serve as the manager of the sewer and waterworks system. This "double role" was "inconsistent and incompatible." Davis, supra. In Tappan v. Helena Federal Savings Loan Ass'n, 193 Ark. 1023, 104 S.W.2d 458 (1937), we explained the rule that "[t]he inconsistency, which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966), expounded on Tappan, stating that "incompatibility exists where there is a conflict of interests, which includes, inter alia, where one office is subordinate to the other."
333 Ark. at 548-49 (emphasis added; footnote omitted).
Notwithstanding the occasional focus in this passage on the fact of supervisory power as creating a conflict, the highlighted language suggests that the very fact of the dual service might amount to a conflict. The court reinforced this impression as follows in applying the standard: "While the trial court found that appellants had proved no wrongdoing except `performing two jobs,' it is that very inconsistency which is the basis of the incompatibility doctrine." Id. at 549; see Ark. Op. Att'y Gen. No. 99-052 (relying on Thompson to opine that a mayor could not simultaneously serve as a city employee). However, having offered this conclusion, the court immediately retreated somewhat:
 One commentator has explained, "Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both." Eugene McQuillin, 3 The Law of Municipal Corporations § 12.67 (3d ed. 1990). In the present case, common sense dictates that the bookkeeper for the city would to some degree be subject to the supervisory power of the mayor. See Tappan, supra.
Given this recurring focus on such concepts as "antagonism" and "supervision," I am not inclined to opine that dual service necessarily and invariably is barred by the incompatibility doctrine. I can only echo my predecessor in opining that the question of whether serving as an hourly employee of the mayor would result in an "antagonism" with the duties of Recorder/Treasurer of the sort that would bar the dual service should properly be addressed by a finder of fact. Assuming service in both capacities were not "repugnant" in the sense discussed above, it would appear that such dual service would not be barred by the incompatibility doctrine.
Finally, I should note the possible applicability of A.C.A. §14-42-107(b)(1), which provides:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
Under this statute, even if the common-law incompatibility doctrine were deemed not to foreclose the dual service, the town council would nevertheless have to approve the arrangement. However, the effect of this statute in this particular case is potentially complicated by the fact that the references to "officials" and "municipal employees" were only recently included pursuant to Acts 2003, No. 1299, § 1. It is well established that legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed. See Abrego v. United Peoples Federal Savings Loan,281 Ark. 308, 315, 664 S.W.2d 858 (1984). Legislation will not be construed as being retroactive if it may reasonably be construed otherwise, and any doubt is resolved against retroactive application.Arkansas Rural Medical Student Loan Scholarship Bd. v. Luter,292 Ark. 259, 729 S.W.2d 402 (1987). It is unclear from your request whether the subject of your question was serving in dual roles prior to the adoption of Act 1299 of 2003. If so, in light of the legal principles just set forth, he or she may be entitled to continue serving in both positions without approval of the town council so long as such service would not be barred under the common-law doctrine of incompatibility.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
Enclosure