The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for my opinion on the following questions:
 1. Regarding the state law concerning interest in offices or contracts prohibited, A.C.A. 14-42-107(b)(1), is it considered to be an indirect profit of a contract furnishing supplies, equipment or services to a municipality if an alderman, member of the council or elected official or municipal employee of that same municipal corporation or [sic] holds an executive or managerial office or a controlling interest in a corporation or business which subcontracts to fulfill a portion of a contract with a corporation or business which has contracted with the municipality to furnish supplies, equipment or services?
 2. If the answer to the first question is yes, then would an alderman, member of the council or elected official of the municipal corporation or municipal employee who holds an executive or managerial office or a controlling interest in a corporation or business be prohibited by A.C.A. 14-42-107(b)(1) from entering into a subcontracting agreement to complete a portion of the contract with a contractor that has contracted with the municipality to furnish supplies, equipment or services, or do provisions of A.C.A. 14-42-107(b)(2) *Page 2 
in some way exempt this type of arrangement from the prohibition contained in A.C.A. 14-42-107(b)(1)?
 3. If the prohibition is found to apply in the situation as outlined above, what remedies would a city have against the alderman, member of the council or elected official of the municipal corporation who holds an executive or managerial office or a controlling interest in a corporation or business to correct a violation should he or she choose to engage in the situation as outlined above?
 4. Does the phrase in A.C.A. 14-42-107(b)(1), "in the profits of any contract" mean receiving any compensation for the project whatsoever or actually showing a profit from the contract received? In other words, if an alderman, member of the council or elected official, or municipal employee [of] that same municipal corporation, or [sic] holds an executive or managerial office or a controlling interest in a corporation or business does work on a contract but shows a loss in the work performed on the contract, will such a loss prevent a violation of A.C.A. 14-42-107(b)(1) from occurring?
RESPONSE
In my opinion, the answer to your first question is "yes": unless the city council by ordinance expressly provides otherwise, I believe a subcontractor under the circumstances recited would face a conflict of interests under the statute. As regards your second question, the issue of whether the exemptions set forth in A.C.A. § 14-42-107(b)(2) might apply to authorize any particular contract is one of fact that only a court could resolve. I will note that this office has in the past drawn different conclusions regarding whether a municipal official or employee is precluded from holding an executive or managerial position in a corporation contracting with the municipality and the aldermen and council members are precluded from holding a controlling interest in the corporation. Most recently, in the attached Ark. Op. Att'y Gen. No. 2004-230, my immediate predecessor opined that both conditions should be met — a conclusion in which I concur. With respect to your third question, the available remedies are set out in great detail in the attached Ark. Op. Att'y Gen. No. 2004-215, to which I fully subscribe. I believe the answer to your fourth question is "no": again, absent city-council approval *Page 3 
providing otherwise, I believe the proscribed conduct is an official or employee's having a financial interest in the corporation's performance. Whether or not that interest results in an actual financial gain is immaterial.
Question 1: Regarding the state law concerning interest inoffices or contracts prohibited, A.C.A. 14-42-107(b)(1), is itconsidered to be an indirect profit of a contract furnishingsupplies, equipment or services to a municipality if an alderman,member of the council or elected official or municipal employee ofthat same municipal corporation or [sic] holds an executive ormanagerial office or a controlling interest in a corporation orbusiness which subcontracts to fulfill a portion of a contract witha corporation or business which has contracted with the municipalityto furnish supplies, equipment or services?
In my opinion, unless the city council has enacted an ordinance permitting this arrangement, I believe the answer to this question is "yes": an elected official or municipal employee who holds an office or controlling interest in a corporation that either directly or indirectly provides supplies, equipment or services to the municipality faces an impermissible conflict of interests. In my opinion, a subcontractor clearly has an indirect interest in a prime contractor's business relationship with a municipality.
Subsection 14-42-107(b)(1) of the Code (Supp. 2009) provides as follows:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
This statute must be read in conjunction with the common-law doctrine of incompatibility, which the Arkansas Supreme Court discussed as follows in Thompson v. Roberts,333 Ark. 544, 548, 970 S.W.2d 239 (1998):
 In Rogers v. Sangster, 180 Ark. 907, 23 S.W.2d 613 (1930), and later in Davis v. Doyle, 230 Ark. 421, 323 S.W.2d 202 (1959), this court described the common-law rule of incompatibility as follows: *Page 4 
 At common law, and generally under statutory enactment, it is now established beyond question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy, and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of a board or council. Neither the fact that a majority of the votes of a council, or board, in favor of the contract are cast by disinterested officers, nor the fact that the officer interested did not participate in the proceedings, necessarily relieves the contract from its vice. The facts [sic] that the interest of the offending officer in the invalid contract is indirect, and is very small, is immaterial. The statutory prohibition is frequently so wide in its terms as to prohibit any officer from contracting with the municipality, whether he takes part in the making of the contract or not.
 In Rogers, supra, we reasoned that "[m]unicipal officers are held by the courts to a strict accountability in their dealings with or on behalf of the municipal corporation; and in recognition of their incapacity to serve two masters, as an incident to the frailty of human nature, public policy has placed a disability to make a contract for the city where they are interested in it in any degree. The rule is so inflexible that no inquiry into their good or bad intention or to the fairness or unfairness of the contract is permitted."
As I noted in Op. Att'y Gen. No. 2008-069:
 Section 14-42-107(b) of the Arkansas Code (Supp. 2007) is an ethics statute that carves out an exception to the common-law proscription against conflicts of interest. It does so by authorizing cities to adopt ordinances that would allow municipal officers and employees to enter into what would otherwise be prohibited self-interested transactions so long as they obtain prior approval of the city council.
Your question appears to be premised on a concern that the official or employee's relationship is with a subcontractor, rather than the prime contractor. I do not believe this concern is warranted. As expressly stated in A.C.A. § 14-42-107(b)(1), either a direct or indirect financial relationship between a municipal *Page 5 
official or employee and the municipality is impermissible absent an ordinance authorizing the relationship. In my opinion, a subcontractor's indirect financial involvement with a municipality clearly falls within the parameters of the statute, meaning that it would be permissible only if an ordinance declared as much.
Question 2: If the answer to the first question is yes, thenwould an alderman, member of the council or elected official of themunicipal corporation or municipal employee who holds an executiveor managerial office or a controlling interest in a corporation orbusiness be prohibited by A.C.A. 14-42-107(b)(1) from entering intoa subcontracting agreement to complete a portion of the contractwith a contractor that has contracted with the municipality tofurnish supplies, equipment or services, or do provisionsof A.C.A. 14-42-107(b)(2) in some way exempt this type ofarrangement from the prohibition containedin A.C.A. 14-42-107(b)(1)?
As reflected in my response to your first question, I do not believe a subcontracting relationship that in effect evades the ethical proscription set forth in A.C.A. § 14-42-107(b)(1) would be permissible. However, I believe the exemption set forth in A.C.A. § 14-42-107(b)(2) might be potentially applicable to permit such a relationship. Determining as much will entail conducting a close factual inquiry of the sort that this office is neither equipped nor authorized to conduct.
Subsection 14-42-107(b)(2) of the Code provides:
 The prohibition prescribed in this subsection shall not apply to contracts for furnishing supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman, council member, official, or municipal employee holds any executive or managerial office or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
(Emphasis added.) In my opinion, this subsection exempts from the prohibition set forth in subsection (b)(1) contracts that (1) are to be performed by a corporation in which no alderman, council member, official, or municipal employee holds any executive or managerial office and (2) in which a controlling interest is held by stockholders who are not aldermen or council members. Seealso Ark. Op. Att'y Gen. No. 2008-069 (discussing, inter
alia the provisions of *Page 6 
A.C.A. § 14-47-137 (Repl. 1998), which, with respect to a city-manager form of government, materially tracks the statute discussed above).
This office has found various occasions in the past to address the significance of the highlighted "or" in the statute recited above. In a nutshell, the issue in these opinions was whether a contract would pass muster under the exception only if no municipal official or employee held an executive or managerial position in the corporation and the aldermen and council members did not together hold a controlling interest in the corporation. In response to the first question posed in the attached Ark. Op. Att'y Gen. No. 2004-230, my immediate predecessor offered a detailed analysis of this issue, which has in previous opinions been resolved in different ways. I need not repeat my predecessor's involved analysis here. I will merely note that I fully concur with his analysis and agree that both of the recited conditions should be met for the exemption to apply.
Question 3: If the prohibition is found to apply in thesituation as outlined above, what remedies would a city have againstthe alderman, member of the council or elected official of themunicipal corporation who holds an executive or managerial office ora controlling interest in a corporation or business to correct aviolation should he or she choose to engage in the situation asoutlined above?
This question is materially indistinguishable from questions addressed by my immediate predecessor in the attached Op. Att'y Gen. No. 2004-215. I fully subscribe to my predecessor's analysis, which I need not repeat here.
Question 4: Does the phrase in A.C.A. 14-42-107(b)(1), "in theprofits of any contract" mean receiving any compensation for theproject whatsoever or actually showing a profit from the contractreceived? In other words, if an alderman, member of the council orelected official, or municipal employee [of] that same municipalcorporation, or holds an executive or managerial office or acontrolling interest in a corporation or business does work on acontract but shows a loss in the work performed on the contract,will such a loss prevent a violation of A.C.A. 14-42-107(b)(1) fromoccurring?
In my opinion, the answer to this question is "no." The statutory proscription against being "interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality" does not mean that, absent an ordinance declaring otherwise, a municipal official or employee *Page 7 
holding a managerial or executive position is free to pursue the interest of a contractor doing business with the city. The official or employee's "interest" in the corporation's performance exists regardless of whether the contractor realizes any profits. A conflict of interests thus exists for the reasons set forth in my response to your first question. Having offered this conclusion, I will concede that the statute would benefit from legislative clarification.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
Enclosures